[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 241.]

OFFICE OF DISCIPLINARY COUNSEL *v*. ORR.

[Cite as *Disciplinary Counsel v. Orr*, 1995-Ohio-256.]

*Attorneys at law—Misconduct—Indefinite suspension—Petition for reinstatement must be accompanied by proof of compliance with conditions set forth by Board of Commissioners on Grievances and Discipline—Illegally possessing drug documents in violation of R.C. 2925.23—Neglect of an entrusted legal matter—Failure to cooperate in investigation of alleged misconduct—Late payment of biennial attorney registration fees and failure to register for 1989-1991 and 1991-1993 biennial periods—Failure to comply with continuing legal education requirements—Unauthorized practice of law.*

(No. 94-2305—Submitted February 7, 1995—Decided May 24, 1995.)

ON CERTIFIED REPORT of the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-42.

_____

{¶ 1} In a complaint filed August 16, 1993, relator, Office of Disciplinary Counsel, charged respondent, Stanley Lutz Orr of Willoughby, Ohio, Attorney Registration No. 0034031, with misconduct involving violations of DR 1-102(A)(3) and (6) (illegal conduct involving moral turpitude and conduct that adversely reflects on fitness to practice law), and 6-101(A)(3) (neglect of an entrusted legal matter). The complaint also charged that respondent had violated former Gov.Bar R. V(5)(a) ( now, Gov.Bar V[4][G]) (failure to cooperate in investigation of alleged misconduct), VI(1) and (3) (biennial registration as an attorney with payment of a fee), X(3) (required continuing legal education), and VII(2)(A) (unauthorized practice of law). A panel of the Board of Commissioners

on Grievances and Discipline of the Supreme Court ("board") heard the matter on May 18, 1994.

{¶ 2} At the hearing, respondent stipulated to the facts underlying each of the six counts in the complaint. As to Count I, he conceded that he had regularly obtained Vicodin and Percocet, which are Schedule II controlled substances under R.C. 3719.01(D), by forged prescription. On January 22, 1992, respondent was indicted on twenty felony counts of illegally processing drug documents in violation of R.C. 2925.23. He ultimately pled no contest to the indictment, and the Cuyahoga County Common Pleas Court granted his request for treatment in lieu of conviction for his addiction to these drugs. The court placed respondent on probation for one year and ordered him to participate in a rehabilitation program. Respondent completed his probation in August 1993.

{¶ 3} As to Count II, respondent stipulated that, in February 1992, he had initially failed to reply to relator's requests for information about a client who alleged that respondent had failed to provide certain legal services. Respondent claimed he could not locate the client's file in response to relator's subpoena *duces tecum*. Respondent subsequently appeared at his deposition in response to a subpoena issued by relator and advised that since August 1991, he had been in and out of various rehabilitation centers to treat his addiction. Respondent further stipulated that he had abandoned several clients by leaving only a recorded message on his answering machine to the effect that he could no longer represent them.

{¶ 4} As to Count III, respondent stipulated that he paid his attorney registration fees for the 1985-1987 and 1987-1989 biennial periods at least ten months late. As of May 1994, respondent had also failed to register for the 1989-1991 and 1991-1993 biennial periods. Moreover, although respondent represented that he paid his 1993-1995 registration fee in January 1994, he did not dispute that as of May 1994, the records of the Office of Attorney Registration of the Supreme Court showed no receipt of this payment.

{¶ 5} As to Count IV, respondent stipulated that, in February 1992, he had been sanctioned for his failure to comply with continuing legal education ("CLE") requirements. Respondent was fined seven hundred fifty dollars and ordered to pay by March 9, 1992. Respondent represented that he had paid the fine in January 1994, but acknowledged that, as of May 1994, this payment had not been received by the Commission on Continuing Legal Education of the Supreme Court.

{¶ 6} As to Count V, respondent stipulated that he was not registered as an attorney from September 1, 1985 through July 22, 1986, from September 1, 1987 through July 6, 1988, and from September 1, 1989 through August 31, 1993. Respondent nevertheless continued to practice law as counsel in at least twelve court cases.

{¶ 7} Finally, as to Count VI, respondent stipulated that between January 8, 1990 and May 29, 1991, he overdrew his office checking account approximately thirty-six times.

{¶ 8} The panel determined from the stipulations and respondent's corroborating testimony that he had violated DR 1-102(A)(3), 1-102(A)(6), and 6-101(A)(3), as well as Gov.Bar R. V(4)(G), VI(1) and (3), X(3), and VII(2)(A).

{¶ 9} In recommending a sanction for this misconduct, the panel considered respondent's remorse and his efforts to recover from addictions to both pain killers and alcohol. Respondent testified to his having become addicted to these substances in the course of his treatment for Ehlers Danlos Sydrome. Dr. Richard O. Pelham, the Clinical Director of the Ohio Lawyers Assistance Program, Inc. ("OLAP"), confirmed respondent's "cross-addiction" to Percocet, Vicodin, and alcohol, and explained that respondent suffered from chronic collagen disease!?!, for which mediciation or surgery is often required to alleviate the pain.

{¶ 10} Respondent's road to recovery began in August 1991, when friends confronted him with their suspicions about his addiction. He testified that he admitted himself to a hospital and effectively stopped practicing law at that point.

Respondent was hospitalized for approximately one month and released, but he resorted to drinking alcohol again for about a week. Recognizing his problem, respondent entered a treatment program for professionals at Rosary Hall Charity Hospital. Upon completing that program, respondent entered a residential treatment center for about three months and was discharged in March 1992. Respondent then took up residence at Barrard House, another treatment facility, but one that permitted residents to work. During the next year, respondent worked for McDonald's and supervised a maintenance crew for two office!?!- buildings. In the fall of 1992, respondent joined the management team of Creative Playrooms, a developer of child and elderly care centers. Since June 1993, respondent has also been associated with the Phoenix Group, an employee-assistance organization, and he has returned home to live with his family.

{¶ 11} Respondent participates regularly in Alcoholics Anonymous ("AA") and, presumably, Narcotics Anonymous ("NA"). One of respondent's sponsors is also his associate in the Phoenix Group, and he attested to respondent's success in these programs. In addition, Dr. Pelham testified to respondent's having recently entered a minimum two-year advocacy contract with OLAP. The contract requires, among other things, that respondent abstain from unprescribed mood-altering substances, submit to random drug testing, and comply with monitoring procedures.

{¶ 12} The panel recommended that respondent be suspended from the practice of law for two years, with one year of this period to be suspended on the conditions that he pay all outstanding registration fees and CLE fines, that he bring himself into compliance and continue to comply with all CLE requirements, and that he comply with the terms of the OLAP advocacy contract, particularly those terms requiring his acceptance of a monitor, his regular attendance at AA/NA meetings, and his submission to random tests for drug and alcohol use. The board adopted the panel's findings of misconduct, except that it found no violation of DR

1-102(A)(6) as alleged in Count VI. The board also adopted the panel's recommended sanction.

———————————

*Geoffrey Stern*, Disciplinary Counsel, and *Harald F.Craig III*, Assistant Disciplinary Counsel, for relator.

*J. Michael Drain*, for respondent.

———————————

**Per Curiam.**

{¶ 13} We agree with the board that respondent violated the cited Disciplinary Rules and Rules for the Government of the Bar, and we concur in its decision to dismiss Count VI. We cannot, however, concur in the recommendation for a two-year suspension with one year suspended on conditions. Rather, we find an indefinite suspension from the practice of law to be a more appropriate sanction for the serious misconduct committed in this case. Respondent is, therefore, suspended from the practice of law indefinitely, and any petition for reinstatement he files must be accompanied by proof that he has complied with the conditions set forth by the board. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————