[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 97.]

THE STATE EX REL. LITTY *v.* LESKOVYANSKY, JUDGE.

[Cite as *State ex rel. Litty v. Leskovyansky*, 1996-Ohio-340.]

*Prohibition preventing judge from continuing further proceedings in a divorce action where one of the parties dies prior to the scheduled commencement of trial—Writ granted, when.*

(No. 96-1482—Submitted September 10, 1996—Decided November 13, 1996.)

IN PROHIBITION.

_____

{¶ 1} In December 1994, John C. Litty, Jr. filed a divorce action against his wife, relator, Carol-Lou Wolverton Litty, in the Mahoning County Court of Common Pleas. Respondent, Judge John J. Leskovyansky, is presiding over the case. On January 5, 1996, during the pendency of the divorce action, relator filed an affidavit of bias and disqualification regarding Judge Leskovyansky with the court pursuant to R.C. 2701.03. Relator requested that Judge Leskovyansky be disqualified from the divorce action and that another judge be assigned.

{¶ 2} On January 8, 1996, John C. Litty, Jr., the plaintiff in the divorce action, died. At the time of the decedent's death, trial in the divorce action had not commenced, and the issues in the case had not been presented to Judge Leskovyansky for determination. On January 11, Judge Leskovyansky, on his own motion, dismissed the divorce case because of the plaintiff's death. On January 16, the Chief Justice ruled that relator's affidavit of disqualification concerning Judge Leskovyansky was moot due to the January 11 dismissal of the divorce case.

{¶ 3} In February 1996, the Mahoning County Court of Common Pleas, Probate Division appointed the daughter of the decedent, Brenda Dobson, executor of his estate. In March 1996, Dobson filed a motion to substitute herself, in her capacity as executor of the decedent's estate, as the plaintiff in the previously

dismissed divorce case and to revive the divorce action. Dobson's motion was "for the purpose of dividing the property in the divorce action."  In May 1996, Judge Leskovyansky issued the following entry:

"Pursuant to [Civ.] Rule 60(A) the court, having dismissed this action in error, does hereby reinstate the same and must await the decision of the Supreme Court of Ohio with regard to the pending affidavit for disqualification filed previous to the death of plaintiff by the defendant."

{¶ 4} Shortly thereafter, relator instituted this action for a writ of prohibition preventing Judge Leskovyansky from continuing further proceedings in the divorce case. This court granted an alternative writ and issued a schedule for the presentation of evidence and briefs.  76 Ohio St.3d 1407-1408, 666 N.E.2d 567-568.

_____

*John V. Heutsche Co., L.P.A.*, and *John V. Heutsche*, for relator.

*James A. Philomena*, Mahoning County Prosecuting Attorney, and *Linette S. Baringer*, Assistant Prosecuting Attorney, for respondent.

_____

***Per Curiam.***

{¶ 5} In her various propositions of law, relator asserts that she is entitled to extraordinary relief in prohibition.  In order for a writ of prohibition to issue, relator must establish that (1) Judge Leskovyansky is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) if the writ is denied, relator will suffer injury for which no other adequate remedy exists.  *State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas* (1996), 74 Ohio St.3d 536, 540, 660 N.E.2d 458, 461.

{¶ 6} Judge Leskovyansky initially contends that relator has not established the first requirement for the issuance of a writ of prohibition because he has already exercised judicial power by reinstating the divorce case. However, where an

inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction *and to correct the results of previous jurisdictionally unauthorized actions*. *State ex rel. Smith v. Frost* (1995), 74 Ohio St.3d 107, 109, 656 N.E.2d 673, 676; *State ex rel. Tollis v. Cuyahoga Cty. Court of Appeals* (1988), 40 Ohio St.3d 145, 148, 532 N.E.2d 727, 730. In addition, Judge Leskovyansky intends to exercise further jurisdiction in the divorce action by dividing the property of relator and the decedent.

{¶ 7} As for the remaining requirements of a writ of prohibition, prohibition will not lie where relator has an adequate remedy in the ordinary course of law. *State ex rel. Newton v. Court of Claims* (1995), 73 Ohio St.3d 553, 555, 653 N.E.2d 366, 369. Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy by appeal. *State ex rel. Lipinski v. Cuyahoga Cty. Court of Common Pleas* (1995), 74 Ohio St.3d 19, 22, 655 N.E.2d 1303, 1306.

{¶ 8} Relator asserts that a writ of prohibition should issue because Judge Leskovyansky patently and unambiguously lacked jurisdiction to revive and proceed with the divorce action. Relator claims that the death of the plaintiff in the divorce action divested the common pleas court of jurisdiction over the case.

{¶ 9} R.C. 2311.21 states that "[u]nless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a judge of a county court for misconduct in office, which shall abate by the death of either party." Although divorce actions are not specified in R.C. 2311.21 as actions requiring abatement upon death of one or both parties, this court has stated that "[e]ven in the absence of statute, it stands to reason that where one or both parties to a divorce action die before a final decree of divorce the action

abates and there can be no revival [because] [c]ircumstances have accomplished the primary object sought." *Porter v. Lerch* (1934), 129 Ohio St. 47, 56, 1 O.O. 356, 360, 193 N.E. 766, 770 (construing the similarly worded General Code version of R.C. 2311.21); see, also, *Taylor v. Taylor* (July 15, 1992), Hamilton App. No. C-910126, unreported, 1992 WL 166076 ("[I]t is now well settled in Ohio that an action for divorce is one of the exceptional cases where abatement results from the death of a party.").

{¶ 10} Conversely, if a party in a divorce action dies following a decree determining property rights and granting a divorce but prior to the journalization of the decree, the action does not abate upon the party's death. *Porter,* 129 Ohio St. at 56, 1 O.O. at 360, 193 N.E. at 770; *Caprita v. Caprita* (1945), 145 Ohio St. 5, 60 N.E.2d 483, paragraph three of the syllabus. In these circumstances, the decree may be journalized by *nunc pro tunc* entry. *Id.* at paragraph four of the syllabus; see, generally, 2 Spike, Ohio Family Law and Practice (1994) 688-689, Section 21.107.

{¶ 11} In the case at bar, Judge Leskovyansky did not decide any of the issues in the divorce action prior to the death of relator's husband. The decedent died prior to the scheduled commencement of trial in the divorce case. Based on these uncontroverted facts, Judge Leskovyansky lacked jurisdiction to proceed in the underlying divorce action. See, *e.g., Diemer v. Diemer* (1994), 99 Ohio App.3d 54, 62-63, 649 N.E.2d 1285, 1290-1291 (divorce action abated upon plaintiff's death prior to domestic relations court's commencing proceedings or determining any issues, and probate court, rather than domestic relations court, possessed jurisdiction to determine rights and liabilities of parties with respect to antenuptial agreement); *Koch v. Koch* (Mar. 4, 1994), Sandusky App. No. S-93-5, unreported, 1994 WL 69358 (where trial court had taken no action to finally decide issues in divorce action prior to death of one of the parties, *nunc pro tunc* entry could not be used to journalize decisions on those issues and trial court had no further

jurisdiction to consider divorce case); *Hook v. Hook* (1987), 35 Ohio App.3d 51, 52-53, 519 N.E.2d 687, 689 (trial court properly dismissed divorce action when one of the parties died prior to the commencement of trial).

{¶ 12} Judge Leskovyansky vacated his previous dismissal of the divorce case pursuant to Civ.R. 60(A), which provides that "[c]lerical mistakes in judgments, orders or other parts of the record and errors arising therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." Judge Leskovyansky contends that he properly exercised his authority to reinstate the divorce case pursuant to Civ.R. 60(A).

{¶ 13} Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments. *Londrico v. Delores C. Knowlton, Inc.* (1993), 88 Ohio App.3d 282, 285, 623 N.E.2d 723, 725. The term "clerical mistake" refers to a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment. *Id.*, 88 Ohio App.3d at 285, 623 N.E.2d at 725; *Dentsply Internatl., Inc. v. Kostas* (1985), 26 Ohio App.3d 116, 118, 26 OBR 327, 328-329, 498 N.E.2d 1079, 1081. Judge Leskovyansky's May 1996 entry stated that he dismissed the divorce action "in error" because he had not considered the then-pending affidavit of disqualification. This does not indicate any "clerical mistake." Instead, it reflects a substantive change in Judge Leskovyansky's judgment. Therefore, Judge Leskovyansky was not authorized under Civ.R. 60(A) to revive the divorce action. See, generally, McCormac, Ohio Civil Rules Practice (2 Ed.1992) 385-386, Section 13.34.

{¶ 14} Judge Leskovyansky's May 1996 entry also did not constitute a proper *nunc pro tunc* entry. While courts possess inherent authority to correct errors in judgment entries so that the record speaks the truth, *nunc pro tunc* entries are limited in proper use to reflecting what the court actually decided, not what the

court might or should have decided or what the court intended to decide. *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 163-164, 656 N.E.2d 1288, 1294. Since the May 1996 decision does not reflect what Judge Leskovyansky actually decided in his previous dismissal entry, he lacked authority to issue the entry vacating the dismissal under his inherent authority to issue a *nunc pro tunc* entry. *Id.*; see, also, *Porter, Caprita,* and *Koch, supra.*

{¶ 15} Therefore, Judge Leskovyansky lacked jurisdiction to vacate the prior dismissal and proceed in the divorce action following the death of relator's husband before the commencement of trial. In these circumstances, the lack of jurisdiction is patent and unambiguous, rendering the availability of appeal immaterial and permitting the court to vacate any prior jurisdictionally unauthorized actions like the revival of the divorce case. See *State ex rel. Sullivan v. Brigner* (Nov. 25, 1992), Montgomery App. No. 13461, unreported, where the court of appeals granted a writ of prohibition to prevent a domestic relations court from deciding a custody dispute when one of the parties to the divorce action died prior to the determination of the case.

{¶ 16} Judge Leskovyansky claims that his prior dismissal of the divorce action was a nullity because of the then-pending affidavit of disqualification filed against him by relator. Judge Leskovyansky relies on cases which generally prohibit a judge from determining a cause or hearing any matter that affects the substantive rights of the parties when an affidavit of prejudice has been properly filed. See *State ex rel. Lomaz v. Portage Cty. Court of Common Pleas* (1988), 36 Ohio St.3d 209, 210-211, 522 N.E.2d 551, 553, fn. 2, which noted, without expressly approving, cases supporting the foregoing proposition; *Bland v. Graves* (1994), 99 Ohio App.3d 123, 132, 650 N.E.2d 117, 124. However, not all courts agree that an affidavit of prejudice prevents a court from proceeding with the case. See, *e.g., Rife v. Morgan* (1995), 106 Ohio App.3d 843, 850, 667 N.E.2d 450, 454-455 ("Taking into account the ease with which a disgruntled litigant may file an

6

affidavit of disqualification with the Supreme Court, we believe the appropriate approach is to posit that a trial judge who proceeds with substantive matters pending resolution by the Chief Justice of an affidavit of disqualification does so at the risk of those proceedings being held for naught should the Chief Justice find the affidavit of disqualification to be meritorious. *** Because we hold that the pendency of an affidavit of disqualification does not automatically divest the trial court of power to act, even upon substantive matters, and because the Chief Justice eventually denied the affidavit of disqualification that was pending on the date of the evidentiary hearing, the first assignment of error is overruled.").

{¶ 17} Further, even assuming, *arguendo*, that the authorities cited by Judge Leskovyansky are correct, he was not divested of authority to act in an administrative or ministerial capacity. *Lomaz,* 36 Ohio St.3d at 211, 522 N.E.2d at 553, fn. 2; *Evans v. Dayton Newspapers, Inc.* (1989), 57 Ohio App.3d 57, 58, 566 N.E.2d 704, 706. As discussed previously, the death of relator's husband prior to adjudication of the issues in the divorce case caused the action to abate and ended any jurisdiction that Judge Leskovyansky had over the case except to dismiss it. See *Porter, Diemer, Koch,* and *Sullivan, supra*. Consequently, following the decedent's demise, the decision to dismiss the case was a required, ministerial decision rather than a substantive ruling requiring the Chief Justice's decision on relator's affidavit of disqualification.

{¶ 18} In addition, Judge Leskovyansky's May 1996 entry reinstated the divorce case until there was a ruling on the "pending" affidavit of disqualification. However, the affidavit is no longer pending, since it has been ruled moot by the Chief Justice, and Judge Leskovyansky thus lacks jurisdiction to proceed in the divorce action. Judge Leskovyansky concedes that relator's affidavit of disqualification is no longer pending because he argues that if relator wants to prohibit him from hearing the divorce action and dividing the parties' property, relator "simply needs to file a second affidavit of prejudice against Respondent

which will suspend his jurisdiction until either the [Chief Justice] rules on the affidavit of prejudice or another judge can be appointed to hear the matter."

{¶ 19} In sum, for the foregoing reasons, relator has established all of the requirements necessary for the issuance of the requested writ. We grant a writ of prohibition preventing Judge Leskovyansky from proceeding with the divorce action.[1]

*Writ granted.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

MOYER, C.J., not participating.

_____

---

1. By so holding, we need not address the arguments raised by relator in her first and fifth propositions of law that following a voluntary dismissal of the case, the court lacks jurisdiction over the matter dismissed, and that since the decedent's daughter has already invoked the jurisdiction of the probate court, the common pleas court lacks jurisdiction over the divorce.