OPINION
This is an accelerated appeal from a decision of the Butler County Court of Common Pleas, Domestic Relations Division, overruling appellant's motion to amend a qualified domestic relations order ("QDRO").
Defendant-appellant, Steven C. Peterson, and plaintiff-appellee, Diane M. Peterson, were divorced pursuant to a judgment entry and decree of divorce entered on July 24, 1996. The decree provides for equal division of appellant's Philip Morris Deferred Profit Sharing Plan by way of a QDRO. The decree states that the total approximate value of the profit sharing plan is $260,000 and there are loans against the plan in the amount of $42,000, such that the total amount to be divided equally between the parties is approximately $218,000. Accordingly, the trial court awarded each party $109,000 representing their share of the profit sharing plan. The record indicates that the value of the profit sharing plan utilized by the trial court in the decree was the value of the plan as of November 30, 1995. The trial court retained jurisdiction to modify the QDRO "as to form" in the event there is "a defect in the wording" of the QDRO. No appeal was taken from the decree.
On February 5, 1997, the trial court entered a QDRO for division of the profit sharing plan. The QDRO contains the same values which the decree contained, however, the QDRO included an effective date for distribution of the profit sharing plan of May 17, 1995.[1] All parties signed the QDRO and no appeal was subsequently pursued.
On February 28, 1997, appellant filed a "motion to amend previously submitted qualified domestic relations order for deferred profit sharing plan," requesting the trial court to "order that the date of November 30, 1995, be substituted for the May 17, 1995 date and that the Qualified Domestic Relations Order * * * be appropriately amended." In a decision dated August 5, 1997 and filed on August 18, 1997, the trial court overruled appellant's motion, stating that it did not have jurisdiction to modify the QDRO because the division of the profit sharing plan constituted a property division which could not be revisited. The trial court noted in its decision, however, that "the Court did intend at trial and in its decision to reflect the date, November 30, 1995 for the profit sharing plan * * *." Appellant filed a notice of appeal, presenting the following assignment of error for review:
 THE TRIAL COURT ERRED IN FINDING THAT IT HAD NO JURISDICTION TO CORRECT A DEFECTIVELY WORDED QUALIFIED DOMESTIC RELATIONS ORDER THAT DEFEATED THE COURT'S INTENDED OUTCOME WHEN THE TRIAL COURT HAD EXPRESSLY RETAINED JURISDICTION TO CLARIFY OR CORRECT A DEFECT.
In his sole assignment of error, appellant contends that the trial court erred by determining that it had no jurisdiction to correct the defectively worded QDRO by changing the valuation date of the profit sharing plan since the court had expressly retained jurisdiction to clarify or correct such a defect. Appellant argues that the trial court has jurisdiction to effectuate its judgment and clarify the QDRO in this case because the defect in the wording of the QDRO precludes the court's intended outcome.
Pension and retirement benefits acquired by either spouse during the course of a marriage are marital assets that must be considered in arriving at an equitable division of marital property. Bisker v. Bisker (1994), 69 Ohio St.3d 608, 609; King v. King (1992), 78 Ohio App.3d 599, 606. A trial court does not have continuing jurisdiction to modify a marital property division incident to a divorce decree. Bean v. Bean (1983),14 Ohio App.3d 358, 361-362; Ricketts v. Ricketts (1996),109 Ohio App.3d 746, 751; R.C. 3105.171(I). While a court may not modify a previous property division, it is permitted to clarify the original property division so as to effectuate its judgment. Haller v. Haller (Mar. 18, 1996), Warren CA95-06-063, unreported.
The trial court is also permitted by Civ.R. 60(A) to correct any clerical mistakes that may have been made in the decree. A "clerical mistake" for purposes of Civ.R. 60(A), "refers to a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment." State ex rel. Litty v. Leskovyansky (1996), 77 Ohio St.3d 97,100. The court may correct a clerical mistake either on its own initiative or on the motion of any party. Id.; Civ.R. 60(A). When determining the underlying purpose of a motion submitted to the trial court, the substance or "true nature" of the motion, rather than its title, is controlling. Chester Twp. v. Fraternal Order of Police (1995), 102 Ohio App.3d 404, 408.
The trial court awarded each party one-half of the value of the profit sharing plan as of November 1995, but inserted an effective date of May 1995, rather than November 1995, in the QDRO. The record indicates that the trial court intended to insert the November 1995 date, rather than the May 1995 date in the QDRO, as evidenced by the trial court's August 1997 decision. However, the trial court subsequently concluded, in response to appellant's motion to amend the QDRO, that it lacked jurisdiction to modify the division of the profit sharing plan because it is a property division.
After carefully reviewing the record, we find that if substitution of the November date in place of the May date in the QDRO would merely correct a clerical error clearly apparent on the record, substitution of the dates would not constitute an impermissible modification of a previous division of property. As long as the substitution of dates would not change the amount that each party would receive pursuant to the trial court's previous division of the profit sharing plan, whereby each party was awarded the sum of $109,000, or one-half of the value of the plan as of November 1995, then substitution of the November date in place of the May date would merely constitute correction of a clerical error apparent in the language of the QDRO.[2]
Correction of a clerical error is a change in form, not in substance and the trial court specifically reserved jurisdiction to modify the QDRO as to form. Accordingly, we find that the trial court has the authority to correct an inadvertent clerical error, apparent on the record, that may have been made inadvertently in the QDRO. See Litty, 77 Ohio St.3d at 100; Civ.R. 60(A). Appellant's sole assignment of error is sustained and this matter is remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed and remanded.
WALSH and POWELL, JJ., concur.
[1] The record indicates that the value of the profit sharing plan as of May 1995 was substantially less than the value of the plan as of November 1995. Specifically, as of May 1995, the total approximate value of the plan was $209,000, such that after subtraction of the loans against the plan in the amount of $42,000, the total value of the plan would be approximately $167,000. If the May 1995 value was used, each party would be entitled to one-half of the total value, or $87,500.
[2] While distribution of the November value as of the May date would result in appellee receiving a larger proportion of the profit sharing plan, such a result is contrary to the expressed intent of the trial court.