OPINION
Defendant-appellant Catherine Saverino appeals from the trial court's order of January 13, 1998, sua sponte vacating its dismissal of the divorce action between the plaintiff-appellee Kimberly Ondak and her deceased husband, Mark Ondak. Appellant is the sister of the decedent, and was added as a party defendant after her brother's death.
The appellant filed for divorce on June 2, 1997, and on June 4, 1997, the trial court issued a restraining order prohibiting Mark Ondak from transferring stocks, bonds, intangible assets, or marital assets. Likewise, on June 30, 1997, the court restrained the appellant from disposing of assets. Various continuances of the July 16, 1997 pretrial date were granted. The court set a trial date of March 3, 1998. No final disposition of assets was made by the court.
Mark Ondak passed away on November 18, 1997. On November 19, 1997, the appellee filed a motion to add the appellant, Prudential Insurance Company, and Prudential Bank Trust as new party defendants. The appellee alleged that the decedent transferred his life insurance benefits to his sister in violation of a trial court's restraining order of June 4, 1997. The appellee filed a motion for an additional restraining order in conjunction with the motion to add the new party defendants. On November 20, 1997, the trial court granted both of the appellee's motions. On December 5, 1997, the appellant filed: 1) a suggestion of death; and, 2) a motion to dismiss and dissolve the restraining order.
The trial court, on January 13, 1998, granted the appellant's motion to dismiss and dissolved the restraining order of November 20, 1997. Subsequently, on January 27, 1998, the court, sua sponte, vacated the order of January 13, 1998, and reinstated the action and the restraining order. This order was conditioned upon the appellees immediately pursuing an action in Probate Court as to the issues raised in the restraining order and then notifying the Domestic Relations Court regarding the Probate Court proceedings. The court stated that this order was "with a view toward the Probate Court assuming jurisdiction in a prompt and timely manner of the issues raised in the original request for a restraining order, joining Catherine Savarino, and her request to dissolve that restraining order." It is from this order that the appellant has filed her appeal.
The appellant sets forth three assignments of error. The first and second assignments will be considered together as they contain similar issues of law and fact.
The appellant's first and second assignments of error:
 THE TRIAL COURT LACKED THE JURISDICTION TO (A) ADD APPELLANT AS A PARTY DEFENDANT AND/OR ENTER ANY RESTRAINING ORDERS ON NOVEMBER 20, 1997 AND TO (B) REINSTATE THOSE RESTRAINING ORDERS ON JANUARY 26, 1998 AFTER THE TRIAL COURT HAD DISSOLVED THOSE ORDERS ON JANUARY 13, 1998.
 THE ORDER OF THE TRIAL COURT REINSTATING ITS PREVIOUS RESTRAINING ORDERS IS VOID AS A MATTER OF LAW.
The appellant argues that where one of the parties to a divorce action dies before the assets have been distributed or the final decree entered, the action abates and the trial court loses jurisdiction. State ex rel. Litty v. Leskovyansky (1996), 77 Ohio St.3d 97. The appellant asserts that the court properly granted her motion to dismiss; that the court lacked jurisdiction to add her as a new party defendant since Mark Ondak was deceased; and that the court lacked jurisdiction to sua sponte vacate the order and reinstate the divorce action. In the second assignment of error, the appellant argues that the court lacked jurisdiction from the date of Mark Ondak's death and that subsequent orders were void ab initio. The appellee essentially argues that since the trial court issued a restraining order, it retained jurisdiction.
In Litty, supra, the Supreme Court noted that divorce actions are not specified in R.C. 2311.21 as actions requiring abatement upon death of one or both parties. The court cited to Porter v.Lerch (1934), 129 Ohio St. 47, where the court had previously held "even in the absence of statute, it stands to reason that where one or both parties to a divorce action die before a final decree of divorce the action abates and there can be no revival." The court incontestably found that where no issues in the divorce action were decided prior to the party's death, and the decedent dies prior to the scheduled commencement of trial, the trial court lacked jurisdiction to proceed in the underlying divorce action. Litty at 99. The Supreme Court made no exceptions for restraining orders. See Hook v. Hook (1987), 35 Ohio App.3d 51,54, where this court held that the death of a spouse abated a divorce action and extinguished the restraining orders against him.
In the case sub judice, Mark Ondak died prior to the commencement of trial and prior to the final distribution of assets, thus the trial court lacked jurisdiction to enter any orders subsequent to his death. Any orders entered by a court lacking jurisdiction are void ab initio. State v. Wison (1995),73 Ohio St.3d 40, citing to Patton v. Diemer (1988), 35 Ohio St.3d 68.
The appellant's first and second assignments of error are well taken.
The appellant's third assignment of error is moot pursuant to App.R. 12.
Judgment vacated for want of jurisdiction.
It is, therefore, considered that said appellant(s) recover of said appellee(s) their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
JAMES D. SWEENEY, Judge.
DIANE KARPINSKI, P.J., and TIMOTHY E. McMONAGLE, J., Concur.