OPINION
Defendant-appellant, Mark Allen Heckel, appeals his conviction, rendered in the Hamilton Municipal Court, for failure to yield while turning left in violation of 331.17 of the Hamilton Traffic Code and failure to show proof of insurance in violation of R.C. 4509.101. We affirm in part and vacate in part.
Appellant pled not guilty. On October 6, 1988, the case proceeded to trial. In a bench ruling, the trial court found appellant guilty of both offenses. For failure to yield, appellant's sentence, rendered from the bench, was a $50 fine and court costs. The trial court did not order restitution from the bench. Subsequently, a document signed by a probation officer of the Hamilton Municipal Court ordered appellant to pay restitution totaling $2,200. On October 30, 1998, appellant filed a notice of appeal. Appellant did not file an assignment of error as required by local rule. Appellee did not file an appellate brief. However, we consider the following "argument" as the functional equivalent of an assignment of error:
 The trial court's probation department committed prejudicial error in changing Appellant's sentence to order restitution, when this was not the sentence of the court.
On April 5, 1999, a judgment entry was filed ordering restitution and a total of $180 in fines and court costs.
The Hamilton Municipal Court, apparently due to the sheer number of cases adjudicated, does not file a formal judgment entry unless a case is appealed. The original order from the bench was a $50 fine and costs, which according to a computer docket sheet (not signed by the trial judge) were $130.
Until the notice of appeal was filed, there is nothing in this record which remotely resembles a judgment entry ordering restitution. We do not even find a docket sheet signed by the trial judge which might be considered a judgment entry. See Statev. Ginocchio (1987), 38 Ohio APP.3d 105, 106 (listing the formal requirements of a judgment entry).
The April 5, 1999 judgment entry cannot be considered as a valid nunc pro tunc order of restitution because (1) there is nothing in the entry to reflect it was nunc pro tunc, and (2) there is nothing in the record showing restitution was the trial court's original intent. See State ex rel. Litty v. Leskovyansky
(1996), 77 Ohio St.3d 97, 100 ("nunc pro tunc entries are limited to reflecting what the court actually decided, not what the court might have or should have decided or what the court intended to decide"). See, also, State v. Brill (Feb. 14, 2000), Fayette App. No. CA99-06-016, unreported, at 5; State v. Cordell (Feb. 14, 2000), Fayette App. No. CA99-09-022, unreported, at 5.
 The order of the probation department is of no effect because the probation department can enforce only what the trial court ordered. Once appellant was sentenced and the case was appealed, the trial court cannot subsequently modify the sentence to include restitution. The assignment of error is well-taken. We find that the order of restitution in the April 5, 1999 judgment entry is void and is hereby vacated. The remainder of the sentence is affirmed.
YOUNG and WALSH, JJ., concur.