OPINION
{¶ 1} The instant action in prohibition and mandamus is presently before this court for final consideration of the petition of relator, Stanley Smith. Upon reviewing the various allegations in the petition, we conclude that relator has failed to state a viable claim for any type of relief against respondent, Judge Gary Leo Yost of the Ashtabula County Court of Common Pleas. Accordingly, the sua sponte dismissal of this action is warranted under Civ.R. 12(B)(6).
 {¶ 2} In bringing this original action, relator stated in his petition that he was seeking two forms of relief: (1) a writ of prohibition to stop respondent from ever trying to exercise jurisdiction over him again in Ashtabula C.P. Case No. 13605; and (2) a writ of mandamus to require respondent to vacate his criminal conviction in that case. As the legal grounds for both claims, relator asserted in his petition that his conviction must be declared void because respondent acted beyond the scope of his jurisdiction during the course of the jury trial. Specifically, he argued that respondent improperly amended the charge against him immediately before the case was submitted to the jury.
 {¶ 3} As the factual basis for his claims, relator's petition contained the following allegations: (1) in December 1991, he was indicted on one charge of felonious assault; (2) in addition to the basic charge, the indictment against him had a specification that he had caused physical harm to the victim during the assault and a specification that he had possession of a firearm when the assault occurred; (3) at the close of the evidence in his trial in January 1992, respondent determined that the jury should not consider the "physical harm" specification; (4) respondent's decision resulted in an amendment to the indictment; and (5) consequently, the jury found relator guilty of only the basic felonious assault charge and the "firearm" specification.
 {¶ 4} After fully reviewing the factual allegations and legal arguments in relator's instant petition, this court concludes that it is not necessary for us to engage in a new legal analysis in order to properly dispose of this action. This is because a review of our own prior precedent readily shows that relator has filed a previous original action which was based upon the identical allegations and legal arguments as the instant action.
 {¶ 5} In State ex rel. Smith v. Yost,
11th Dist. No. 2003-A-0044, 2003-Ohio-4228, relator filed an original action before this Court, again seeking to have his 1992 conviction for felonious assault declared void on the basis that respondent had acted in excess of his jurisdiction. As in the present case, relator predicated his entire petition in the prior case on the assertion that respondent had improperly amended the indictment in the underlying criminal proceeding by omitting the "physical harm" specification. In holding that relator's petition in that case failed to state a viable claim for either a writ of prohibition or mandamus, this court stated:
 {¶ 6} "As was noted above, the crux of relator's present petition is his assertion that respondent lost jurisdiction during the course of the underlying case when he amended the indictment by essentially deleting the "physical harm" specification. However, even if it assumed that respondent's alleged amendment was improper, the relevant case law of this state supports the further conclusion that an improper amendment would [not have affected] respondent's authority to proceed in the case. In State ex rel. Raglin v. Brigano (1998), 82 Ohio St.3d 410, the petitioner sought a writ of habeas corpus on the grounds that the trial court had allegedly erred in amending the indictment against him. In affirming the dismissal of the habeas corpus petition, the Supreme Court of Ohio expressly held that the issue raised by the petitioner was `nonjurisdictional in nature * * *.'
 {¶ 7} "Under the Raglin precedent, any error in the amendment of an indictment would merely be a procedural error which could only be challenged through a direct appeal of the conviction. Thus, even if respondent did err in essentially deleting the `physical harm' specification from the indictment in relator's case, such an error would not render the subsequent conviction void because it would not have any effect upon respondent's jurisdiction over the subject matter of the case.
 {¶ 8} "As relator correctly notes in his petition, a writ of prohibition can lie to require a judge to correct the results of a prior act on his part which he lacked the jurisdiction to perform. State exrel. Litty v. Leskovyansky (1996), 77 Ohio St.3d 97, 98. Accordingly, if relator could satisfy the elements of a writ of prohibition, a writ could issue requiring the vacation of the conviction, notwithstanding the fact that respondent is not presently exercising jurisdiction over the underlying case.
 {¶ 9} "However, to be entitled to such a writ, the relator in a prohibition action must first be able to establish, inter alia, that the judge actually acted beyond the scope of his jurisdiction. Id. Pursuant to the foregoing analysis, we hold that relator's allegations are insufficient to satisfy this element of his prohibition claim. His assertion concerning the amendment of the indictment does not demonstrate that respondent lacked the requisite jurisdiction to enter the conviction against him.
 {¶ 10} "Under his mandamus claim, relator has requested the identical basic relief which he sought under his prohibition claim; i.e., relator prays that respondent be ordered to vacate the 1992 conviction. Before a writ of mandamus can be rendered, though, the relator in such an action must be able to show, inter alia, that the judge has a clear legal duty to perform the specific act which the relator seeks to compel. State exrel. Manson v. Morris (1993), 66 Ohio St. 3d 440, 441. In this instance, because relator's allegations are insufficient to prove a lack of jurisdiction, it follows that respondent would not have a legal duty to vacate the conviction. Therefore, it is equally evident that relator cannot satisfy the elements for a writ of mandamus.
 {¶ 11} "Under Civ.R. 12(B)(6), a claim in a civil action is subject to dismissal if the nature of the allegations are such that, even when the allegations are construed in a manner most favorable to the plaintiff/relator, it is beyond doubt that he will be unable to prove a set of facts under which he will be entitled to the requested relief.State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.
(1995), 72 Ohio St.3d 94, 95. Applying this standard to the allegations in the instant petition, this court concludes that both claims asserted by relator fail to state viable grounds for the requested relief." Id., 2003-Ohio-4228, at ¶ 11-16.
 {¶ 12} In light of the fact that the allegations in the instant petition are virtually identical to the factual assertions in relator's previous action before this court, the foregoing analysis would also apply in this instance. That is, since an alleged error in the amendment of the charges in a criminal proceeding is not legally sufficient to show a lack of jurisdiction, relator will not be able in the instant case to prove a set of facts under which he would be entitled to either an order requiring respondent to vacate his conviction in the 1992 criminal case, or an order prohibiting respondent from exercising jurisdiction over him in the future. Thus, both of relator's claims are subject to dismissal under Civ.R. 12(B)(6) because neither state a viable legal basis for the requested relief.
 {¶ 13} Because the claims in the instant action have previously been reviewed by this Court and found to be completely lacking in merit, it is sua sponte ordered that relator's entire petition is hereby dismissed.
Ford, P.J., Grendell, J., Rice, J., concur.