DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals from the denial of a motion for relief from judgment in the Huron County Court of Common Pleas, Juvenile Division. For the reasons that follow, we affirm.
 {¶ 2} Appellant, Dennis H., and appellee, Kathy S., lived together for number of years in the late 1980s. From this relationship, two daughters were born. In 1992, appellant initiated a paternity action. On December 28, 1992, the court entered an order *Page 2 
establishing appellant's parentage, awarding custody of the children to appellee and setting an amount for child support.
 {¶ 3} In 2003, appellant petitioned the court for a change of custody, alleging that his older daughter was being sexually abused by a 15-year-old male cousin and that appellee was negligent in protecting the girl from this behavior. The court appointed a guardian ad litem for the children and set the matter for hearing.
 {¶ 4} Prior to the scheduled hearing, the guardian ad litem filed her report, recommending a change in custody to appellant. At the hearing, counsel for the parties announced that an agreement had been reached wherein custody of the children would move to appellant, with child support to be determined by subsequent submission of income affidavits to the court, "* * * and the Court will make a determination from there as far as what child support should be." Counsel for appellant was to prepare the judgment entry. On December 30, 2003, the court entered a "consent judgment entry," designating appellant as the residential parent and setting child support payable by appellee at $342.72 per month.
 {¶ 5} On December 4, 2006, counsel for the Huron County Child Support Enforcement Agency ("CSEA") moved the court to release an employer lump sum payment to appellee. Accompanying the motion was an affidavit from a CSEA record keeper, averring that appellee was not in arrearage in her support obligation.
 {¶ 6} Appellant responded with an objection to the release of funds and his own motion to establish "proper child-support" and "properly compute the arrearage." According to appellant, the 2003 support order was miscomputed to the extent that the *Page 3 
amount ordered was half of what the order should have been. Appellant sought correction of the 2003 order and an arrearage computed on the corrected order for the subsequent three years.
 {¶ 7} Appellee responded, opposing appellant's motion. Appellee pointed out that appellant's counsel had approved the 2003 judgment entry and had filed no objection to, nor appeal of, its contents. Moreover, appellant insisted, if what appellant sought was a relief from judgment, such a motion was untimely under Civ.R. 60(B) and inappropriate under Civ.R. 60(A).
 {¶ 8} The trial court held a hearing on the matter at which both parties agreed that the support amount ordered in May 2003, was erroneous and that correction of the order under Civ.R. 60(B) would be untimely. Appellant, however, argued that the erroneous order was a clerical mistake which should be corrected pursuant to Civ.R. 60(A). At the conclusion of the hearing, the court ordered that the support order be modified, prospectively only. With respect to modifying the 2003 order retroactively, the court declined such action. From this order, appellant now brings this appeal, setting forth the following single assignment of error:
 {¶ 9} "1. The trial court below failed to recognize that, based upon its own record, a clerical error occurred in the determination of the amount of child support based upon the fact that the entry, itself, was unclear and that the child support calculation arrived at and attached as an exhibit to the consent judgment entry clearly indicated that the amount awarded was outside of the guidelines, was not designated as `per child', and that the consent judgment entry contained no language allowing for a variation of the guideline *Page 4 
amount of child support, and upon remand, the trial court below, in ruling on the objections to the magistrate's decision, ignored certain specific facts and improperly applied Civil Rule 60(B) as opposed to Civil Rule 60(A) in its ultimate decision."
 {¶ 10} The sole issue before us is whether correction of the 2003 support order may be properly had under Civ.R. 60(A).
 {¶ 11} Civ.R. 60, in material part, provides:
 {¶ 12} "(A) Clerical mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. * * *
 {¶ 13} "(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied * * *; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *."
 {¶ 14} Civ.R. 60(B)(1) permits the vacation or amendment of a judgment mistakenly entered for whatever reason. Application of the rule, however, is time barred one year after the order was entered. Civ.R. 60(A) is not limited as to time, but is not *Page 5 
applicable to substantive matters. Kuehn v. Kuehn (1988),55 Ohio App.3d 245, 247. "The basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of `blunders in execution' whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner." Id., citing Blanton v.Anzalone (C.A. 9, 1987), 813 F. 2d 1574, 1577 (interpreting the federal rule.) A "clerical mistake" is "* * * a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment." State ex rel Litty v. Leskovyansky (1996), 77 Ohio St.3d 97, 100. When such a mistake or omission becomes apparent, the court, in its discretion, may enter a correction. Id.
 {¶ 15} At the hearing in the trial court on appellant's motion, neither the magistrate nor counsel for either party — all of whom were strangers to the original order — could account for how the erroneous support award could have been entered. The consent entry, apparently authored by counsel for appellant at the time, was approved by both counsel for appellee and the court. Attached was a requisite child support worksheet, which, on cursory examination, appears to support the amount entered.
 {¶ 16} Such perplexity, in our opinion, is dispositive. A mechanical error, correctable pursuant to Civ.R. 60(A), should be patent: incorrect dates, misspelling, inverted parties. The more complex the explanation to an error, the greater number of alternative explanations, the less likely that the error is simply clerical. In this matter, *Page 6 
counsel who prepared the order could have omitted the words "per child." He might also have miscomputed the support order, misunderstood the law or the order might reflect a post-hearing agreement between the parties. These are errors that require legal analysis. As such, they are not amenable to resolution pursuant of Civ.R. 60(A).
 {¶ 17} Accordingly, the trial court properly denied application of the rule in this matter. Appellant's sole assignment of error is not well-taken.
 {¶ 18} On consideration whereof the judgment of the Huron County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 7 
 Arlene Singer, J., William J. Skow, J.. Thomas J. Osowik, J.. CONCUR. *Page 1