[Cite as *New Beginnings Residential Treatment Ctr., L.L.C. v. Steel Town, L.L.C.*, 2016-Ohio-4814.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| NEW BEGINNINGS RESIDENTIAL TREATMENT CENTER, LLC., et al. | ) ) ) | |
| PLAINTIFFS-APPELLANTS | ) ) | CASE NO. 15 MA 0185 |
| VS. | ) ) | OPINION |
| STEEL TOWN, LLC., et al. | ) ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common Pleas, Mahoning County, Ohio Case No. 2013 CV 3422

JUDGMENT:     Reversed and Remanded.

APPEARANCES:

For Plaintiffs-Appellants     Attorney Thomas Leopp
1865 Arndale Road, Suite B
Stow, Ohio 44224

For Defendants-Appellees     Attorney Percy Squire
341 South Third Street, Suite 10
Columbus, Ohio 43206

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: June 30, 2016

DeGENARO, J.

{¶1} Plaintiffs-Appellants, New Beginnings Residential Treatment Center, et al., appeal the October 20, 2015 judgment of the Mahoning County Court of Common Pleas. New Beginnings' arguments are meritorious as the trial court improperly used Civ.R. 60 to make substantive, as opposed to clerical, changes to a previous order.

## Facts and Procedural History

{¶2} Plaintiffs-Appellants, New Beginnings Residential Treatment Center, LLC and Dr. Vanessa Jones (New Beginnings) filed a complaint for accounting malpractice, retaliation, negligence, fraud, and breach of lease on December 4, 2013, against Defendants-Appellees, Steel Town, LLC, Sterling A. Williams, and Tax Master Accounting and Tax Service (Steel Town).

{¶3} After receiving leave of court, Steel Town filed a motion to dismiss, answer, and counterclaim. In their answer Steel Town generally denied the allegations of the complaint and asserted various defenses. For its counterclaim, Steel Town asserted that New Beginnings breached the lease agreement.

{¶4} On September 23, 2014, New Beginnings filed a motion for summary judgment on their claims contained in the complaint as well as Steel Town's counterclaim. Steel Town opposed the summary judgment motion and also filed a motion to dismiss counts two and three of the complaint based upon a mandatory arbitration provision. In the alternative Steel Town requested summary judgment on counts two and three based upon an attached affidavit of defendant, Sterling Williams.

{¶5} On October 20, 2014, New Beginnings filed a notice requesting the trial court to grant its previously filed motion for summary judgment on the basis that Steel Town failed to reply pursuant to the local rules within 14 days. Further, they asked that their previously filed requests for admissions be deemed admitted because Steel Town did not respond in a timely manner.

{¶6} On November 3, 2014, New Beginnings filed a brief in opposition to the motion to dismiss arguing that Steel Town had consented and invoked the jurisdiction of the trial court by filing a counterclaim and that they waived any argument regarding

arbitration.

**{¶7}** On January 14, 2015, the magistrate ruled that Steel Town had failed to exercise and avail themselves of any rights they had to arbitrate any portion of the proceedings in a timely manner and waived their right to do so. As such, the trial court denied Steel Town's motion to dismiss or otherwise stay the proceedings for arbitration.

**{¶8}** On January 26, 2015, Steel Town filed a motion to set aside the magistrate's decision and objections to the magistrate's decision again requesting dismissal of counts two and three or a referral of the counts to arbitration arguing that the magistrate disregarded strong public policy favoring arbitration and failed to address waiver language contained within the lease.

**{¶9}** On January 28, 2015, the magistrate denied New Beginnings summary judgment on counts one, two, and three; he sustained the motion on counts four and five reserving the issues of proximate cause and damages for further adjudication upon the merits by the trier of fact.

**{¶10}** On the same date the magistrate ordered that the requests for admission served upon Steel Town be deemed admitted and also granted New Beginnings motion for summary judgment on Steel Town's counterclaim (breach of commercial lease). In doing so, the magistrate held that Steel Town failed to explain how the lease was breached, failed to address the counterclaim in its response to the motion for summary judgment, and provided no evidentiary materials to support that New Beginnings had breached the lease.

**{¶11}** On February 4, 2015, the trial judge sustained Steel Town's motion to allow arbitration of counts two and three of the complaint.

**{¶12}** On February 9, 2015, Steel Town filed a motion to withdraw the admissions deemed admitted by the magistrate on January 28, 2015, and a combined motion to set aside magistrate's decision and objections to the magistrate's decision on the grant of summary judgment. New Beginnings promptly responded in opposition noting the untimeliness of the motions, the unfairness of granting of same,

and the prejudice to New Beginnings if the motions were granted.

**{¶13}** On February 25, 2015, the trial judge overruled the objections, upholding the magistrate's decision to grant summary judgment. With respect to the counterclaim, the trial judge agreed with the magistrate that Steel Town had not responded in any manner to the motion, and sustained the motion.

**{¶14}** On March 25, 2015, the magistrate denied Steel Town's motion to withdraw admissions. Once again Steel Town filed a combined motion to set aside magistrate's decision and objections to the magistrate's decision. Again, New Beginnings promptly responded in opposition.

**{¶15}** On April 20, 2015, the trial court sustained Steel Town's objections to the March 25, 2015 magistrate's decision regarding the requests for admissions. Consequently, the admissions filed by Steel Town on July 10, 2014, were to be considered by the magistrate when deciding the case.

**{¶16}** On May 21, 2015, the trial court, recognizing that an inconsistency existed in two prior judgment entries, overruled its earlier grant of summary judgment on counts four and five of the complaint. The trial court cited the fact that the magistrate had used the admissions that were previously deemed admitted when reaching its decision to grant the summary judgment. As the trial court had stated that a different set of admissions was to be used (i.e. July 10, 2014 admissions), the grant of summary judgment was vacated and counts four and five remained pending for further adjudication. The judgment entry states that this was a sua sponte act by the trial judge based upon Civ.R. 60(A).

**{¶17}** On October 20, 2015, the trial judge, pursuant to Civ.R 60(A), vacated the grant of summary judgment to New Beginnings on Steel Town's counterclaim and ordered the counterclaim into arbitration based upon the same contractual language that was cited to submit counts two and three of the complaint to arbitration.

### Civil Rule 60

**{¶18}** As the first two assignments of error share a basis in law and fact, they will be addressed together for clarity analysis. New Beginnings asserts:

The trial court erred and abused its discretion in using Civil Rule 60(A) to "correct" its judgments regarding summary judgment and referring the Counterclaim to arbitration.

The trial court erred and abused its discretion in referring to arbitration the Counterclaim.

**{¶19}** "[I]t is within the trial court's discretion to correct mistakes pursuant to Civ.R. 60(A) and its decision will not be reversed absent an abuse of that discretion." *Bobb Forest Products, Inc. v. Morbark Industries, Inc.*, 151 Ohio App.3d 63, 2002–Ohio–5370, 783 N.E.2d 560, ¶ 27 (7th Dist.). Abuse of discretion means the trial court's decision is unreasonable based upon the record; that the appellate court may have reached a different result is not enough to warrant reversal. *Downie v. Montgomery*, 7th Dist. No. 12 CO 43, 2013–Ohio–5552, ¶ 50.

**{¶20}** "Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record but does not authorize a trial court to make substantive changes in judgments." *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 1996-Ohio-340, 671 N.E.2d 236. "A clerical mistake contemplated by Civ.R. 60(A) is mechanical in nature, apparent on the record, and does not involve a legal decision or judgment by an attorney." *Bobb*, *supra*, at ¶ 28.

**{¶21}** Here, the trial judge stated that Civ.R. 60(A) enabled him to "correct errors in Judgments, Orders or other parts of the record arising from the oversight or omission at any time on its own initiative" and that he was taking action to correct an error and "prevent manifest injustice." Specifically, it vacated a portion of a February 25, 2015 judgment entry that granted summary judgment in favor of New Beginnings on Steel Town's counterclaim. The trial judge then ordered the counterclaim to binding arbitration with counts two and three of the complaint that had previously been ordered to arbitration on February 4, 2015.

**{¶22}** This action by the trial court clearly constitutes a substantive change as opposed to a clerical correction. Indeed, by its own account, the trial court was asked

twice earlier in the proceedings by Steel Town to refer the counterclaim to arbitration. That had not occurred. Ultimately the magistrate granted summary judgment on the counterclaim to New Beginnings.

**{¶23}** Accordingly, the changes associated with the October 20, 2015 judgment entry were substantive in nature. As such, the trial court improperly used Civ.R. 60(A) to vacate the grant of summary judgment on the counterclaim and to send it to binding arbitration. Accordingly, New Beginnings' first and second assignments of error are meritorious.

**{¶24}** In the final of three assignments of error, New Beginnings asserts:

> The trial court erred and abused its discretion in permitting the withdrawal of the deemed admissions.

**{¶25}** On appeal, New Beginnings contends that Steel Town should not have been permitted to withdraw admissions that the magistrate had previously deemed admitted. However, New Beginnings is appealing the judgment of October 20, 2015. This entry does not address the withdrawal of admissions. That was done in the May 21, 2015 order. The notice of appeal says nothing about appealing the May order, and the time to appeal has long since passed. See App.R. 3(A); App.R. 4(A). Accordingly, this assignment of error is meritless.

**{¶26}** In sum, New Beginnings' arguments are meritorious as the trial court improperly used Civ.R. 60 to make substantive, as opposed to clerical, changes to a previous order of the court. As such, the October 20, 2015 decision of the trial court reversed and remanded, the February 25, 2015 judgment is reinstated, and the

matter remanded for further proceedings.

Donforio, P. J., concurs.

Robb, J., concurs.