[Cite as *State v. Carelli*, 2016-Ohio-8031.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 15 CO 0025 |
| VS. | ) | |
| | ) | OPINION |
| FRANK CARELLI | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Appeal from the Columbiana County
                             Municipal Court, Columbiana County,
                             Ohio
                             Case No. 2010 TRC 925

JUDGMENT:                    Affirmed.

APPEARANCES:
For Plaintiff-Appellee        Attorney Robert Herron
                             Columbiana County Prosecutor
                             Attorney Don Humphrey, Jr.
                             Assistant Prosecutor
                             38832 Saltwell Road
                             Lisbon, Ohio 44432

For Defendant-Appellant       Attorney Scott Cochran
                             19 East Front Street, Suite 1
                             Youngstown, Ohio 44503

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                             Dated: December 2, 2016

DeGENARO, J.

{¶1} Defendant-Appellant, Frank Carelli, appeals the nunc pro tunc judgment of the trial court amending a 2010 judgment entry to indicate the proper statutory section to which he pled. As the trial court correctly issued a nunc pro tunc entry to reflect what actually occurred at the 2010 hearing, Carelli's assignment of error is meritless, and the judgment of the trial court is affirmed.

{¶2} Carelli was charged with two counts of OVI, R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(2) and a stop sign violation, RC 4511.12. On November 23, 2010, Carelli pled to one count of OVI and the stop sign citation. The same day the trial court issued a judgment entry in which it found Carelli guilty of these offenses and pronounced his sentence. This entry did not specify which subsection of RC 4511.19 that Carelli was guilty of violating.

{¶3} In 2015, Carelli filed a motion seeking resentencing on the 2010 OVI case. At the hearing the audio taped proceedings from the 2010 case were played and entered into evidence. The trial court denied Carelli's motion and entered a nunc pro tunc entry for the purpose of correcting the clerical omission to reflect that Carelli pled to R.C. 4511.19(A)(1)(a) rather than 4511.19(A)(2)(B).

{¶4} In his sole assignment of error, Carelli asserts:

The trial Court erred as a matter of law in correcting the original sentencing entry through a nunc pro tunc entry as opposed to a new sentencing entry incorporating new findings made by the Court and in denying the Motion for Resentencing.

{¶5} Trial courts generally lack authority to reconsider their own valid final judgments in criminal cases, however they retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided. *State ex rel. Womack v. Marsh,* 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 13. Crim.R. 36 provides "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." The proper use of a nunc pro tunc is

limited to reflecting what the court actually decided, not what the court should have decided or what the court intended to decide. *Bobb Forest Products, Inc. v. Morbark Industries, Inc.,* 151 Ohio App.3d 63, 2002-Ohio-5370, 783 N.E. 560, ¶ 26 (7th.Dist.)

**{¶6}** "The term "clerical mistake" refers to a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment." *State ex rel. Litty v. Leskovyansky`,* 77 Ohio St.3d 97, 100, 1996-Ohio-340, 671 N.E.2d 236. (internal citations omitted) "[T]he nunc pro tunc entry does not reflect a modification of an erroneous judgment but rather supplies omissions of a clerical nature which serve to have the record speak the truth." *Doe v. Catholic Diocese of Cleveland,* 158 Ohio App.3d 49, 2004-Ohio-3470, 813 N.E.2d 977, ¶ 14 (8th.Dist.)

**{¶7}** Carelli concedes "[a] nunc pro tunc entry is to be used to correct an error that is apparent on the record." However, he argues that the court never announced which count he was convicted of, nor disposed of the remaining OVI count. The State agrees with the law presented by Carelli but contends that based upon the facts presented, the trial court was correct in issuing a nunc pro tunc entry.

**{¶8}** The State recited the charges that Carelli was facing to the trial court. The assistant prosecutor stated, "we are proceeding under (A)(1)(a)." The defense attorney confirmed to the trial court that the prosecutor correctly presented the Rule 11 agreement, that Carelli was entering a plea of no contest, and asked the court to accept the recommendation of the agreement. The court addressed Carelli directly, "To the charge of Operating Under the Influence, second offense, do you wish to plead no contest." Carelli answered affirmatively.

**{¶9}** The record clearly demonstrates that the State was proceeding with the (A)(1)(a) charge, that defense counsel confirmed this with Carelli entering his plea, and the trial court accepting that plea. Though the trial court inadvertently omitted the statutory designation, it corrected this clerical error by way of the 2015 nunc pro tunc entry which expressly listed that Carelli pled to R.C. 4511.19(A)(1)(a) and merged the remaining refusal count. As this was an oversight by the trial court resulting in a

clerical error, the trial court was correct in using a nunc pro tunc to resolve this issue. Accordingly Carelli's sole assignment of error is meritless and the judgment of the trial court is affirmed.

Donofrio, P. J., concurs.

Waite, J., concurs.