[Cite as *Downing v. Catawba Island Twp. Bd. of Zoning Appeals*, 2017-Ohio-2899.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Jonathan Downing, et al.

Appellants

v.

Catawba Island Township Board of
Zoning Appeals, et al.

Appellees

Court of Appeals No. OT-17-002

Trial Court No. 2015-CV-354

**DECISION AND JUDGMENT**

Decided: May 19, 2017

* * * * *

Katherine S. Decker, for appellants.

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Blake W. Skilliter, Assistant Prosecuting Attorney, for appellees.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} In this accelerated appeal, appellants Jonathan Dowling and Megan

Meinerding appeal the judgment of the Ottawa County Court of Common Pleas, which

affirmed the Catawba Island Township Board of Zoning Appeals' grant of an area

variance to Dwight and Barbara Roll. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} This appeal largely concerns procedural matters. Dwight and Barbara Roll own property adjacent to appellants. On July 17, 2015, the Rolls submitted an application to request an area variance from the setback requirements so that they could expand their home. Appellants opposed the variance request. Following a hearing, appellee, the Catawba Island Township Board of Zoning Appeals, granted the variance.

{¶ 3} On November 13, 2015, appellants appealed appellee's decision to the Ottawa County Court of Common Pleas pursuant to R.C. 2506.01. The matter was briefed, and on October 21, 2016, the trial court entered a judgment that purportedly overturned appellee's decision.

{¶ 4} On October 27, 2016, appellee filed a motion for clarification, noting that the October 21, 2016 decision contained errors, including that the heading did not match the introductory paragraph, and the conclusion did not match the analysis. Indeed, the only things in the October 21, 2016 judgment entry pertaining to the dispute before the trial court were the heading and the first part of the first sentence. The first sentence reads, "This case comes before the Court upon Appellants Jonathan Downing and Me (sic) Charles J. Walter's ("Walter") appeal of a final decision of the Appellee, Danbury Township Board of Zoning Appeals ("BZA"), denying Appellant's application for a variance." The remainder of the decision contains facts and analysis relative to Walter's appeal, concluding with the trial court reversing the decision of the BZA and granting the variance.

2.

**{¶ 5}** On December 20, 2016, the trial court entered an amended decision, this time including facts and analysis pertinent to the present case, and concluding that the decision of appellee should be affirmed.

## II. Assignment of Error

**{¶ 6}** Appellants have timely appealed the trial court's December 20, 2016 judgment entry, and now assert one assignment of error for our review:

1. The trial court abused its discretion and erred as a matter of law in granting Appellee Catawba Island Board of Zoning Appeals' Motion for Clarification.

## III. Analysis

**{¶ 7}** The issue presented in this appeal is whether the trial court erred in entering its amended decision on December 20, 2016. Appellants contend that the trial court exceeded the scope of its authority to correct mistakes under Civ.R. 60(A) because the amended decision substantively changed the earlier judgment.

**{¶ 8}** Civ.R. 60(A) provides, "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." "Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments." *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 671 N.E.2d 236 (1996). "The term 'clerical mistake' refers to a

mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment." *Id.* Stated differently,

> The basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of "blunders in execution" whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner. *Westhoven v. Westhoven*, 6th Dist. Ottawa No. OT-10-037, 2011-Ohio-3610, ¶ 12, quoting *Kuehn v. Kuehn*, 55 Ohio App.3d 245, 247, 564 N.E.2d 97 (12th Dist.1988).

{¶ 9} Appellants argue that the trial court made a substantive change in this case because in its initial entry it overturned the decision of the BZA, and in the amended entry it upheld the decision of the BZA. We disagree.

{¶ 10} Here, it cannot be said that the trial court changed its mind and decided on second thought to exercise its discretion in a different manner because the trial court never decided the matter in the first place. The original judgment entry, aside from having the correct caption, did not pertain to appellants' appeal, including the conclusion which overturned the *Danbury Township* BZA's decision, and *granted* the variance. In this case, had the trial court overturned appellee's decision, it would have *denied* the variance. It is clear from the record that the trial court's October 21, 2016 judgment entry

4.

was a blunder in execution, which we speculate was likely the result of an error or oversight in the use of a template or the "copy and paste" function.  Therefore, we hold that the trial court did not err when it entered its December 20, 2016 amended judgment entry.

{¶ 11} Accordingly, appellants' assignment of error is not well-taken.

## IV.  Conclusion

{¶ 12} For the foregoing reasons, we find that substantial justice has been done the parties complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed.  Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.　　　　　　

Arlene Singer, J.　　　　　　

James D. Jensen, P.J.　　　　　　
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE