JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs, and the oral arguments of counsel.
 {¶ 2} Defendant-appellant, Wendy A. Binder, appeals the decision of the domestic relations division of the common pleas court that granted plaintiff-appellee Michael A. Binder's Civ.R. 60(A) motion for relief from judgment to correct the judgment entry of divorce dated November 12, 2004. We find no merit to the appeal and affirm the judgment of the trial court.
 {¶ 3} The parties were divorced on November 12, 2004. The record reflects, and the parties agree, that appellant agreed to give appellee 61% of the $19,489.88 in her retirement account at KeyCorp. Through an error in drafting, the separation agreement incorporated into the judgment of divorce misidentifies this account as the appellant's "401(k) account" at KeyCorp instead of appellant's "Qualified Cash Balance Pension Plan account."
 {¶ 4} Both parties were made aware of the error in March 2005 when KeyCorp sent a letter to each party and their counsel stating that appellant's 401(k) account had a zero balance and offering a sample of a Qualified Domestic Relations Order (QDRO) for the Cash Balance Pension Account. Appellee subsequently learned that the balance in the 401(k) account had been zero for two or three years prior to the divorce. *Page 4 
 {¶ 5} Appellee wrote to appellant's counsel on three separate occasions over a four-month period trying to get appellant to correct the error in account names. When all efforts were unsuccessful, and after appellee discovered that appellant had applied for a lump sum distribution of the funds from the cash balance pension plan account in May 2005, appellee filed the subject motion asking the trial court to correct the judgment to reflect the correct name of the account.
 {¶ 6} Following a hearing on the motion, the magistrate issued a detailed decision with findings of facts and conclusions of law which was subsequently adopted by the trial court over appellant's objection. The magistrate found that there was no question that the intent of the parties was to have appellant divide the balance in the Key Bank cash pension account. The magistrate concluded that the error in identification was not a substantive error, but rather a result of a "blunder in execution." We agree.
 {¶ 7} "The basic distinction between clerical mistakes that can be corrected under Civ. R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of `blunders in execution' whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or, because, on second thought, it has decided to exercise its discretion in a different manner." Kuehn v. Kuehn (1988),55 Ohio App.3d 245, paragraph three of the syllabus. See State ex rel.Litty v. Leskovyansky (1996), 77 Ohio St.3d 97. *Page 5 
 {¶ 8} As this court has recognized, the proper use of Civ.R. 60(A) is to make changes in judgments to reflect what, in fact, was really decided by the trial court. In effect, the relief afforded by Civ.R. 60(A) is the judgment actually rendered by the court. Soroka v.Soroka (June 17, 1993), Cuyahoga App. No. 62739, citing Keuhn, supra. A judgment properly corrected pursuant to Civ.R. 60(A) does not create new rights or deny existing rights. Id.
 {¶ 9} Appellant's single assignment of error asserts that the trial court erred in finding that a Civ.R. 60(A) "clerical mistake" had been made where the error was made by the parties and not discernable from the record. However, it is clear from the record that the trial court intended to grant appellee a 61% share in appellant's $19,489.88 pension plan account and that, through a "blunder of execution," the account was misnamed in the separation agreement. The separation agreement was incorporated by reference into the court's judgment and its terms ordered into execution through that judgment entry. Therefore, the clerical error in naming the account is an error in the judgment and is subject to correction pursuant to Civ.R. 60(A). A contrary finding would require us to accept that the trial court intended to grant appellee a 61% share of zero. This is an absurd result.
 {¶ 10} The corrected judgment does not create new rights, it merely grants to appellee the rights originally agreed to and intended in the divorce decree. Appellant's assignment of error is overruled and the judgment of the trial court is affirmed. *Page 6 
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court — Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 PATRICIA ANN BLACKMON, P.J., and MARY J. BOYLE, J., CONCUR *Page 1