[Cite as *Hill v. Ross*, 2013-Ohio-1903.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 99094 and 99122**

# TERESA A. HILL

PLAINTIFF-APPELLEE-
CROSS-APPELLANT

vs.

# JAMES E. ROSS

DEFENDANT-APPELLANT-
CROSS-APPELLEE

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeals from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-230987

**BEFORE:** Stewart, A.J., Celebrezze, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** May 9, 2013

**ATTORNEY FOR APPELLANT-CROSS-APPELLEE**

Kevin L. Starrett
Law Office of Kevin L. Starrett
17 1/2 N. Franklin Street
Chagrin Falls, OH    44022


**ATTORNEY FOR APPELLEE-CROSS-APPELLANT**

Jeffrey F. Slavin
Law Office of Jeffrey F. Slavin
The Standard Building
1370 Ontario Street, Suite 1810
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1}   In 1994, the court dissolved a marriage between defendant-appellant-cross-appellee James Ross and plaintiff-appellee-cross-appellant Teresa Hill according to the terms of a separation agreement that provided Ross would pay for "all of the costs of a college education" for the parties' two children.  Ross contributed to the college expenses, but did not bear the entire cost of those expenses. When Ross's child support obligation terminated in 2011, Hill filed a motion to show cause why Ross should not be held in contempt for failing to pay all of the college expenses.  Ross responded by asking for relief from judgment on grounds that he never agreed to pay all of the college expenses, that the separation agreement filed with the petition for dissolution had no such requirement, and that the version containing the college expenses provision had been given to the court either through mistake or fraud. Despite finding Ross's version of events to be "extremely credible," a magistrate nonetheless denied relief from judgment because the motion was untimely.   The magistrate refused to find Ross in contempt, but ordered that he pay $10,000 toward the college expenses.  On appeal, Ross argues that he is entitled to relief from judgment; Hill cross-appeals and argues that the court erred by refusing to hold Ross liable for all of the college costs.

I

{¶2} Ross first argues that the separation agreement attached to the dissolution was the product of an error and that the court should have corrected its judgment by way of Civ.R. 60(A). The magistrate found that Civ.R. 60(A) did not apply because the disputed language relating to the payment of college expenses was substantive and to delete it would cause a substantive change in the terms of the separation agreement.

{¶3} Civ.R. 60(A) states: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders."

{¶4} "'Clerical mistakes' are considered mechanical in nature — the so-called 'blunders in execution' — as opposed to substantive mistakes that result from an application of discretion or judgment by the court." *Pursel v. Pursel*, 8th Dist. No. 91837, 2009-Ohio-4708, ¶ 8, citing *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 1996-Ohio-340, 671 N.E.2d 236; *Kuehn v. Kuehn*, 55 Ohio App.3d 245, 247, 564 N.E.2d 97 (12th Dist.1988). When reviewing a claim raised under Civ.R. 60(A), we must be mindful to consider the nature of the correction, rather than the effect of the correction. *Id.*, citing *Brush v. Hassertt*, 2d Dist. No. 21687, 2007-Ohio-2419, ¶ 28.

{¶5} The magistrate conducted a hearing on Ross's motion to correct the record. In findings of fact, she found that Ross did not have counsel at the time of the dissolution. Hill had counsel and twice met with her attorney: the first time, she signed the separation agreement making no provision for Ross's payment of college expenses that

was later attached to the petition for dissolution; the second time, she and Ross both met with the attorney to review the contents of the separation agreement. The separation agreement presented to Ross at that time contained a clause requiring him to pay college expenses. Ross objected to that clause and demanded that it be removed or he would not sign the separation agreement. The attorney assured Ross that the clause would be removed. The separation agreement that Ross did sign and that was filed with the petition for dissolution did not contain the college expenses clause.

{¶6} Hill filed the petition for dissolution. The petition was referred to a magistrate who conducted a dissolution hearing. The attorney did not attend that hearing, and Hill conceded that she submitted to the court the judgment entry and separation agreement that contained a clause requiring Ross to pay the college expenses. Ross claimed that he neither saw nor reviewed that judgment entry on the day it was presented to the magistrate. Indeed, he claimed to have been unaware that the college expenses clause had been added to the separation agreement until Hill filed her motion to have him held in contempt for failing to pay those expenses.

{¶7} We think the magistrate applied too narrow a view of Civ.R. 60(A) under the circumstances of this case. While it is true that Civ.R. 60(A) is applied only to correct clerical errors arising from oversight or omission, the court committed an error of oversight by attaching to the dissolution entry a separation agreement that was different from the one filed by the parties at the time they petitioned the court for a dissolution of their marriage.

**{¶8}** The court had no authority, in the absence of objection or request for modification, to enter a decree of dissolution on terms different from those proposed in the settlement agreement offered in the petition for dissolution. *See* R.C. 3105.65(B) (if "the court approves the separation agreement and any amendments to it agreed upon by the parties, *it shall grant a decree of dissolution of marriage that incorporates the separation agreement*.") (Emphasis added.) "A separation agreement submitted in a dissolution of a marriage is a binding contract between the parties and the court 'cannot unilaterally change the provisions of the agreement.'" *Cutter v. Cutter*, 8th Dist. No. 96375, 2012-Ohio-358, ¶ 13, quoting *In re Adams*, 45 Ohio St.3d 219, 220, 543 N.E.2d 797 (1989). As the supreme court has noted, "mutual consent is the cornerstone of our dissolution law." *Knapp v. Knapp*, 24 Ohio St.3d 141, 144, 493 N.E.2d 1353 (1986).

**{¶9}** The court's judgment entry dissolving the parties' marriage recognized the limitations placed upon it by virtue of the parties' separation agreement. It found that the parties filed a petition for dissolution of their marriage "and that attached thereto was a separation agreement signed by the parties which is fair, just and equitable." The court also confirmed that the parties had in open court "acknowledged that they were still in agreement as to the terms thereof[.]"

**{¶10}** It is beyond debate from the language employed by the court that it intended to dissolve the marriage according to the terms of the separation agreement attached to the petition for dissolution (with one minor, inapplicable modification as noted). It is equally beyond debate that Ross did not agree to pay the college expenses — the

magistrate found that "Mr. Ross' testimony on this issue was extremely credible especially given the fact that he was unemployed when the Petition for Dissolution was filed January 25, 1994 and on the date of the Dissolution hearing." The magistrate went on to conclude that "it is beyond incredulous that an unemployed obligor would agree to pay all of the costs of a college education for the children at the institution of their choice."

{¶11} By any measure, the court knew that the decree of dissolution that had been entered in 1994 contained a separation agreement that did not conform to the separation agreement attached to the petition for dissolution. That meant that the dissolution did not reflect the mutual agreement of the parties. When the court learned that its dissolution judgment did not conform to the separation agreement, it should have corrected the decree of dissolution under Civ.R. 60(A) "to make changes in [the judgment] to reflect what, in fact, was really decided by the trial court." *Binder v. Binder*, 8th Dist. No. 88468, 2007-Ohio-4038, ¶ 8.

{¶12} Hill argues that the separation agreement attached to the dissolution was not entered in error because Ross must have been aware that it contained the college costs provisions. She maintains that the separation agreement that the court attached to the decree of dissolution contained a revision to another paragraph of the agreement, initialed by both parties. By her reckoning, Ross's act of initialing a revision to this agreement meant that he must have read the entire separation agreement and acquiesced to any

changes contained in the separation agreement, including the provision to pay college costs.

{¶13} The parties' initialing an amendment to the separation agreement did not mean that Ross acquiesced to adding the college expenses to a modified agreement. Indeed, by initialing their decision to modify the separation agreement that had been filed with the petition for dissolution, the parties manifested their understanding that modifications to the separation agreement should be memorialized. That the insertion of Ross's obligation to pay all college expenses was done without any memorialization by the parties underscores the conclusion that it was included in the modified separation agreement by error or fraud, either of which should have been corrected by the court under Civ.R. 60(A).

{¶14} We therefore sustain this assignment of error, reverse, and remand to the trial court with instructions to correct the decree of dissolution by deleting the reference to Ross having the obligation to pay all of the college expenses of the parties' children.

II

{¶15} As an alternative holding, and in addition to the court's error in refusing to correct the decree of dissolution by Civ.R. 60(A), we find that the court erred by refusing to grant Ross relief from judgment under Civ.R. 60(B)(5). The magistrate found that Ross's motion raised grounds of mistake under Civ.R. 60(B)(1) or fraud under Civ.R. 60(B)(3), both of which allow a motion for relief from judgment no more than one year after the judgment. The magistrate found that under either ground, Ross's

September 2011 motion for relief from judgment was untimely because it was filed more than one year after the 1994 decree of dissolution.

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

**{¶16}** The failure to establish any of the three elements required for seeking relief from judgment warrants denying the motion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 520 N.E.2d 564 (1988).

**{¶17}** Although we agree with the magistrate that Civ.R. 60(B)(5) cannot be used in place of more specific grounds listed in other provisions of Civ.R. 60(B), *see, e.g., Cerney v. Norfolk & W. Ry. Co.*, 104 Ohio App.3d 482, 491, 662 N.E.2d 827, 833 (8th Dist.1995), an exception to that rule applies in cases of fraud upon the court.

**{¶18}** "Pursuant to Civ.R. 60(B)(5), a court in appropriate circumstances may vacate a judgment vitiated by a fraud upon the court." *Coulson v. Coulson*, 5 Ohio St.3d 12, 448 N.E.2d 809 (1983), paragraph one of the syllabus. A "fraud upon the court" is "[a]ny fraud connected with the presentation of a case to a court[.]" *Id*. at 15, citing 11 Wright & Miller, Federal Practice and Procedure 253, Section 2870 (1973). "Where an officer of the court, e.g., an attorney, * * * actively participates in defrauding the court,

then the court may entertain a Civ.R. 60(B)(5) motion for relief from judgment." *Id*., citing *Toscano v. Commr. of Internal Revenue*, 441 F.2d 930, 933 (9th Cir.1971).

{¶19} Hill was not an officer of the court — she acted pro se when she delivered a judgment entry granting a dissolution of the marriage according to the terms of a separation agreement that was different from the one the parties attached to their petition for dissolution. She testified, however, that the separation agreement that she submitted along with the dissolution entry requested by the court had been prepared for her by an attorney. Ross testified that this was the same attorney who assured him that any language relating to college expenses would be deleted and not submitted to the court.

{¶20} Based on these facts as found by the magistrate, Ross had sufficient grounds for seeking relief from judgment under Civ.R. 60(B)(5) on grounds that the attorney who prepared the judgment entry perpetrated a fraud upon the court. That fraud consisted of preparing a judgment entry that contained terms different from the ones agreed to by the parties in their petition for dissolution. As we earlier noted, the court had no authority to dissolve the marriage by unilaterally changing the terms of the separation agreement, so it had no reason to suspect that a judgment entry prepared at its own request would differ in any respect from the separation agreement contained in the petition unless the parties expressly acknowledged their intent to modify the agreement after filing the petition.[1]

---

[1] The attorney who prepared the separation agreement is deceased. He was indefinitely suspended from the practice of law in 1995 on complaints involving, among other things, moral turpitude and conduct that adversely reflects on the fitness to practice law. See *Office of Disciplinary Counsel v. Orr*, 72 Ohio St.3d 241, 1995-Ohio-256, 648 N.E.2d 1349. The facts in that case show that the attorney had a longstanding addiction to prescription narcotics and pleaded no

**{¶21}** It is unclear whether Hill had knowledge of the alteration. She testified that she was aware that the separation agreement attached to the decree of dissolution contained the provision requiring Ross to pay all college expenses. But she conceded that she did not make a demand on him to pay those expenses until 2010 — after Ross's child support obligation terminated and the Cuyahoga Support Enforcement Agency informed her that he had overpaid his support obligation. As the magistrate found, "Mrs. Hill testified that she did not pursue collection of any funds that she paid for college tuition and expenses since 2005; and that she never sent a tuition letter to Mr. Ross for [either child] over the years." Indeed, Hill presented no documentation of any kind to verify the amount she spent for college expenses. As Ross argued, Hill's actions in failing to document expenses and waiting more than five years to demand reimbursement were not those of a person who believed that she was entitled to reimbursement of college expenses beginning in 2004, the year when the first child began attending college. By finding Ross to be "extremely credible," the magistrate essentially endorsed his argument that Hill herself was unaware at the time the court dissolved the marriage that Ross was solely responsible for college expenses.

**{¶22}** We conclude that the court erred by failing to consider whether Ross's motion for relief from judgment set forth grounds that fell within the Civ.R. 60(B)(5) provision for fraud upon the court. Nevertheless, this error is superseded by the court's

contest to felony counts of illegally processing drug documents in violation of R.C. 2925.23. He received treatment in lieu of conviction and spent a great deal of time in rehabilitation for his drug addition.

failure to correct the obvious clerical error.  This disposition necessarily moots Hill's cross-appeal.

**{¶23}** This cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that defendant-appellant-cross appellee recover of plaintiff-appellee-cross-appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas — Domestic Relations Division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
KENNETH A. ROCCO, J., CONCUR