[Cite as *Bracken v. Bracken*, 2015-Ohio-5307.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY


Kelly I. Bracken                                             Court of Appeals No. H-15-008

     Appellee                                              Trial Court No. DR 2010 0988

v.

James H. Bracken                                          **DECISION AND JUDGMENT**

     Appellant                                             Decided:  December 18, 2015

* * * * *

Jeffrey S. Ream and Sheree L. Studer, for appellee.

David J. Borell, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal from a nunc pro tunc judgment entered by the Huron County Court of Common Pleas.  Appellant, James Bracken, argues that the nunc pro tunc entry improperly constitutes a substantive modification to the trial court's September 28, 2011 consent judgment entry and decree of divorce.  For the reasons that follow, we affirm.

**Facts and Procedural Background**

{¶ 2} Appellant and appellee, Kelly Bracken, were married in 1989. In 2009, the parties separated. On October 19, 2010, appellee filed for a divorce. The parties expended significant effort in negotiations, and on July 8, 2011, they read their proposed agreement into the record before the magistrate. The only term of the agreement at issue in this appeal pertains to the division of appellant's retirement accounts.

{¶ 3} The parties do not contest that during their marriage, appellant worked for approximately 19 years for the Huron County Sheriff's Office. As part of his employment, appellant participated in the Ohio Public Employees Retirement System ("OPERS"). Appellant also participated in a deferred compensation program. Shortly before the complaint for divorce was filed, appellant transferred the approximately $130,000 in funds in his OPERS retirement account to a military Thrift Savings Plan ("TSP"). Appellant noted this transfer in his deposition taken on June 29, 2011. In his financial affidavit filed in November 2010, after the complaint for divorce, appellant listed the funds as a "Retirement IRA."

{¶ 4} In reading the proposed agreement into the record, appellee's attorney detailed that, "The parties have various and sundry retirement and employment-related benefits. It is the agreement of the parties that those shall be QDRO-ed, divided evenly, and that the term of marriage will be the traditional term of marriage from date of marriage in 1989 to today's date." Later in the hearing, in a discussion concerning child support, appellee's attorney stated, "[I]t's further anticipated that any and all retirement

2.

accounts and the like, employment-related benefits would be verified as well. Mother has done that. We would anticipate that father, I'm assuming that's a natural part of the QDRO process, nonetheless as well should be forthcoming." Notably, when asked by the court whether there were any additions, corrections, or clarifications to the proposed agreement, counsel for appellant responded in the negative.

{¶ 5} The subsequent consent entry, which was drafted by appellee and entered by the court on September 28, 2011, after being signed by the parties, stated,

> Each party has, through their respective places of employment, certain rights in a pension and/or retirement plan. Specifically, wife has School Employees Retirement System (SERS) retirement benefits and husband has Ohio Public Employees Retirement System (OPERS) retirement benefits and an Ohio Public Employees Deferred Compensation fund. Each party is awarded 50% of the marital component of all plans of the other party. QDROs, DOPOs or other like devices shall issue to implement this provision. Any expenses and/or penalties incurred in implementing this provision shall be shared equally between the parties.

{¶ 6} Thereafter, QDRO Consultants was engaged to execute the division of pension benefits. In February 2012, it received notification from OPERS that, in 2010, appellant had received a lump sum refund of his account, thereby cancelling his years of credit. In light of this information, on September 26, 2012, appellee moved for relief from judgment or, alternatively, for a nunc pro tunc judgment correcting the

3.

September 28, 2011 entry to reflect that appellant's TSP account was to be divided equally. This motion was voluntarily dismissed, and appellee refiled on January 30, 2014.

{¶ 7} The matter proceeded to a hearing before the magistrate, following which the magistrate issued his decision resulting in a nunc pro tunc entry. Specifically, the magistrate found,

> [T]he transcript of the agreement clearly indicates that the parties agreed to divide the marital portion of *all* retirement and employment-related benefits held by these parties as of the date of the final hearing (Tr., pp. 4-5). The Magistrate further finds that it is also readily apparent from the record that there was a recognition that those retirement and employment-related benefits needed to be identified with greater specificity (Tr., p 8). The Magistrate further finds that there is no dispute between these parties that Defendant was no longer a participant in the Ohio Public Employees Retirement System (OPERS) at the time of the parties' final divorce hearing and that Defendant did have an interest in a TSP account at the time of the final divorce hearing. The Magistrate further finds that the agreement, therefore, contemplated division of the marital portion of the TSP. (Emphasis sic.)

Finally, the magistrate found that "the failure to mention the TSP and the affirmative mention of Defendant's former OPERS interest which indeed did not exist at the time of

4.

the final hearing are mere 'blunders in execution' which appropriately are corrected by a nunc pro tunc judgment entry pursuant to Civ.R. 60(A)."

{¶ 8} Subsequently, appellant filed written objections to the magistrate's decision. On March 20, 2015, the trial court overruled appellant's objections, and adopted the magistrate's decision, correcting the September 28, 2011 divorce decree to state,

Each party has, through their respective places of employment, certain rights in a pension and/or retirement plan. Specifically Wife has School Employees Retirement System (SERS) retirement benefits and Husband has a Thrift Savings Plan (TSP) and an Ohio Public Employees Deferred Compensation fund. Each party is awarded fifty percent (50%) of the marital component of all plans of the other party. QDROs, DOPOs or other like devices shall issue to implement this provision. Any expenses and/or penalties incurred in implementing this provision shall be shared equally between the parties.

### Assignment of Error

{¶ 9} Appellant has timely appealed the judgment of the trial court, asserting one assignment of error for our review:

The trial court erred as a matter of law in entering a *nunc pro tunc* judgment that subjectively interpreted and substantively altered the terms of the parties' voluntary separation agreement and Consent Judgment Entry.

**Analysis**

{¶ 10} The issue of whether a trial court's nunc pro tunc judgment improperly modifies its previous judgment raises a question of law, which we review de novo. *Neel v. Neel*, 8th Dist. Cuyahoga No. 66441, 1994 WL 677434, *2 (Dec. 1, 1994).

{¶ 11} Civ.R. 60(A) provides, "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." The Ohio Supreme Court has explained that, "Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record, but does not authorize a trial court to make substantive changes in judgments." *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 671 N.E.2d 236 (1996). "The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment." *Id.* "While courts possess inherent authority to correct errors in judgment entries so that the record speaks the truth, nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *Id.* Stated differently,

> The basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of "blunders in execution" whereas the latter consists of instances where the court changes its mind, either because it

6.

made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner. *Westhoven v. Westhoven*, 6th Dist. Ottawa No. OT-10-037, 2011-Ohio-3610, ¶ 12, quoting *Kuehn v. Kuehn*, 55 Ohio App.3d 245, 247, 564 N.E.2d 97 (12th Dist.1988).

{¶ 12} In his appellate brief, appellant argues that the trial court relied on a subjective analysis and interpretation of the parties' intent to redefine and replace an integral item in the separation agreement. He contends that the settlement agreement accurately memorialized the parties' intent, and that the agreement's failure to include his TSP account is in accord with his intention at the time to not split or separate that account. Furthermore, he notes that, despite appellee's assertions to the contrary in her motion for relief, appellee was fully aware of the existence of his TSP account at the time she drafted the settlement agreement, and thus made a deliberate choice to include the OPERS account instead of the TSP account. To the extent that appellee made an incorrect choice in including the OPERS account and excluding the TSP account, appellant concludes that the proper remedy would be to seek relief from judgment pursuant to Civ.R. 60(B), a course which he asserts is now time barred.

{¶ 13} Appellee, on the other hand, contends that the transcript clearly indicates that the parties intended to divide all retirement accounts, which would include the TSP account. Appellee underscores that appellant's view would require that the parties had negotiated to divide an account with a balance of zero dollars, a result that she describes

7.

as "absurd." Thus, appellee concludes that the trial court did not create any new rights, but instead corrected the reference to the misnamed account by using the correct name.

{¶ 14} In *Binder v. Binder*, 8th Dist. Cuyahoga No. 88468, 2007-Ohio-4038, the Eighth District encountered a similar issue. In that case, the defendant had agreed to give the plaintiff 61 percent of her retirement account at KeyCorp. The separation agreement misidentified the account as the defendant's "401(k) account," instead of the defendant's "Qualified Cash Balance Pension Plan account." *Id.* at ¶ 3. The plaintiff subsequently learned that the 401(k) account had been zero for several years prior to the divorce. After a hearing on the matter, the magistrate found that the intent of the parties clearly was to divide the balance in the cash pension account. The magistrate concluded that the error in identification was not a substantive error, but rather a "blunder in execution" that was correctible under Civ.R. 60(A). *Id.* at ¶ 6.

{¶ 15} On appeal, the Eighth District affirmed the trial court's decision. The court reasoned that the record evidenced an intention to grant the plaintiff 61 percent of the pension plan account, and that the account was simply misnamed in the separation agreement. Therefore, the court concluded that the corrected judgment did not create new rights, but merely granted the plaintiff the rights originally agreed to and intended in the divorce decree. *Id.* at ¶ 9-10.

{¶ 16} Here, appellant argues that *Binder* is distinguishable because the parties dispute whether an agreement existed regarding the division of appellant's TSP account. We disagree.

8.

**{¶ 17}** Although appellant testified at the June 6, 2014 hearing that he had no intention of ever dividing the funds in the TSP account, the record from the settlement hearing and subsequent judgment entry evidences otherwise. During the divorce proceedings, appellant had disclosed his retirement account of approximately $130,000, which the parties do not dispute originated from his OPERS account. Regarding the division of funds, the agreement read into the record indicated that the parties agreed to divide evenly the "various and sundry retirement and employment-related benefits." Further, the judgment entry identified that appellant had certain rights in a "pension and/or retirement plan." While specifically naming the OPERS account, the entry provided that "Each party is awarded 50% of the marital component of *all plans* of the other party." (Emphasis added.)

**{¶ 18}** We agree with the trial court that the record, in conjunction with the lack of any indication at the time that appellant sought to withhold the $130,000 TSP account from division, clearly evidenced the parties' intention to divide the marital portion of any and all of their retirement accounts. The fact that appellant had disclosed to appellee the transfer from OPERS to his TSP account perhaps suggests that appellee's counsel made a mistake in not naming the correct account, but it does not lead us to the conclusion that the parties intended to divide only the OPERS account, which had zero dollars in it. Therefore, similar to *Binder*, we hold that the trial court did not err when it determined that the naming of the OPERS account instead of the TSP account was a blunder in execution, and that the judgment should be corrected to reflect the parties' actual

9.

agreement. *Binder*, 8th Dist. Cuyahoga No. 88468, 2007-Ohio-4038, at ¶ 10. *See also Hill v. Ross*¸ 8th Dist. Cuyahoga Nos. 99094, 99122, 2013-Ohio-1903, ¶ 11 ("When the court learned that its dissolution judgment did not conform to the separation agreement, it should have corrected the decree of dissolution under Civ.R. 60(A) 'to make changes in [the judgment] to reflect what, in fact, was really decided by the trial court.'").

{¶ 19} Accordingly, we find appellant's assignment of error not well-taken.

{¶ 20} **Conclusion**

{¶ 21} For the foregoing reasons, we find that substantial justice was done the party complaining and the judgment of the Huron County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.