**[Cite as *Bursiel v. Bursiel*, 2021-Ohio-1548.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

Stephen T. Bursiel, et al.

      Appellee

v.

Michele A. Bursiel (Straka)

      Appellant

Court of Appeals Nos. H-19-015
                H-20-010

Trial Court No. DR-2000-0491

**DECISION AND JUDGMENT**

Decided: April 30, 2021

* * * * *

Heather L. Carman, for appellee Huron County Child Support
Enforcement Agency.

Gowri V. Hampole, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} In this consolidated appeal, defendant-appellant, Michele A. Bursiel, now

known as Michele A. Straka, appeals the June 14, 2019 judgment of the Huron County

Court of Common Pleas (case No. H-19-015) and the April 6, 2020 judgment of the same

court (case No. H-20-010). The Huron County Child Support Enforcement Agency filed

an appellee brief with respect to case No. H-19-015. For the following reasons, we

affirm.

## I. Background

{¶ 2} Stephen T. Bursiel ("Stephen") and Michele A. Bursiel ("Michele") were granted a divorce on December 5, 2000. Stephen and Michele had one child together, B.B., born in January of 2000. At the final divorce hearing, the court orally ordered Stephen to pay child support of $338.98 per month "plus administrative fees." The judgment entry of divorce provided, however, that Stephen would pay child support of $338.98 per month "including poundage" to continue "until such time as [the] child is emancipated."

{¶ 3} On February 28, 2018, the Huron County Child Support Enforcement Agency ("CSEA") filed a "notice of child support investigation findings and recommendations to terminate child support order" in the divorce case—Huron County Court of Common Pleas case No. DR-2000-0491—recommending that Stephen's child support obligation end effective January 5, 2018, because B.B. had turned 18 and was no longer in school. The notice contained calculations reflecting that as of December 31, 2017, Michele had received excess child support payments of $9,303.49 and CSEA had been overpaid $153.20. The notice provided instructions for requesting an administrative hearing to object to the findings and recommendations, and specified that any such request be made in writing to CSEA within 30 days of receiving the notice. CSEA moved for an oral hearing regarding its findings and recommendations, which was set for April 18, 2018.

2.

{¶ 4} On March 26, 2018, Michele filed a "request for administrative termination hearing," objecting to the findings and recommendations on the basis that (1) the overpayment calculation was wrong, and (2) medical support was not addressed in the findings and recommendation and Stephen owed past-due medical expenses.

{¶ 5} CSEA, Stephen, and Michele, appeared before the magistrate on April 18, 2018. The court addressed the issue of the overpayment raised in CSEA's notice. It explained that in June of 2000, in connection with an action for a civil protection order, the court had issued a child support order requiring Stephen to pay child support of $378.78 per month. When the divorce action was filed, the court consolidated the cases. Its final judgment entry of divorce in December of 2000, ultimately reduced Stephen's child support obligation to $338.98, "including poundage," which amounted to actual child support of $332.33 per month. But CSEA continued to collect $378.78 from Stephen, resulting in the overpayment calculated in the notice filed with the court. The magistrate continued the matter to May 23, 2018, so that Michele could retain counsel.

{¶ 6} With the renewed attention to the child-support obligation, it came to the court's attention that there was a discrepancy between what was stated orally at the final divorce hearing (i.e., that Stephen's child support obligation would be $338.98 per month "*plus* administrative fees") and what appeared in the written judgment entry of divorce (i.e., that Stephen's child support obligation would be $338.98 per month "*including* poundage"). (Emphasis added.) On May 21, 2018, the court entered a nunc pro tunc

3.

entry, correcting the judgment to reflect what had been stated orally—$338.98 per month *plus* administrative fees.

{¶ 7} The parties appeared for hearing on May 23, 2018; Michele appeared with counsel. The court identified three issues to be resolved in connection with CSEA's notice: (1) whether child support and medical provisions for B.B. should terminate effective January 5, 2018—which would depend on whether she was continuously enrolled full-time at an accredited high school; (2) whether there are arrears or overpayments with respect to the child support obligation; and (3) if there are arrears or overpayments, what to do about them. The court continued the hearing so that Michele could obtain a letter from B.B.'s school verifying her school enrollment status. The matter was continued to July 11, 2018.

{¶ 8} On June 19, 2018, CSEA filed an "amended notice of child support investigation findings and recommendations to terminate child support order." The amended notice continued Stephen's child support obligations through B.B.'s nineteenth birthday and reflected that as of December 31, 2018, Michele will have received excess child support of $3,826.50, and CSEA will have been overpaid by $44.27. Again, the amended notice provided instructions for requesting an administrative hearing to object to the findings and recommendations, and specified that any such request be made in writing to CSEA within 30 days of receipt of the notice.

{¶ 9} The parties appeared for hearing on July 11, 2018, before the magistrate, at which time the magistrate observed that Michele had not requested an administrative

4.

hearing to object to the findings and recommendations contained in CSEA's amended notice. The magistrate inquired whether the parties disputed the contents of the amended notice, and Michele stated that she did not agree with them. Her position was that child support and medical provision should continue so long as B.B. continues to attend an accredited high school, regardless of the fact that she is 19 years old. The magistrate noted that the time for requesting an administrative hearing had not yet expired, and it remanded the matter to CSEA so that Michele could exhaust her administrative remedies. This information is reflected in a magistrate's order journalized on July 24, 2018.

{¶ 10} An administrative termination hearing apparently took place on August 6, 2018, and a decision was issued August 9, 2018. CSEA concluded that Stephen's child support obligation and medical provision should terminate on B.B.'s nineteenth birthday. The hearing decision provided instructions for objecting to the decision:

> The obligee or obligor may object to the Administrative Termination Hearing Decision within 30 Days after the issuance of the Administrative Termination Hearing Decision by filing an action requesting a determination as to whether the child support order and medical support provisions should be terminated or whether any other appropriate determination regarding the order should be made. The action should be filed in the court with Jurisdiction over this order.

> If neither the obligor nor obligor files an action to object to the Administrative Termination Hearing Decision within the 30 day period, the

5.

Administrative Hearing Decision is final and the CSEA will forward that decision to the court for incorporation in a Court Order.

{¶ 11} The next docket entry that appears in case No. DR-2000-0491 is a "brief in opposition to motion to dismiss appeal and to continue the child support order until high school graduation," filed by Michele on September 27, 2018. That brief indicates that Michele filed a notice of appeal from the administrative termination hearing decision dated August 9, 2018. An unsigned copy of the notice of appeal is attached to the brief.

{¶ 12} On March 29, 2019, the magistrate issued a decision adopting CSEA's August 9, 2018 hearing decision. The magistrate, taking judicial notice, explained that on September 10, 2018, Michele filed a notice of appeal from the August 9, 2018 hearing decision in a new action—Huron County Court of Common Pleas case No. CVF-2018-0703. According to the magistrate, that action was dismissed on January 31, 2019, because the trial court concluded that the August 9, 2018 hearing decision was not a final order. No further action was taken on that case, and no motion was filed in the divorce proceedings—only the brief in opposition was filed in the divorce proceedings. The magistrate found that even construing that opposition brief as a motion, it was filed on September 27, 2018 (outside the 30-day period provided by R.C. 3119.91). He concluded, therefore, that the August 9, 2018 hearing decision had become final. He further noted that even if not untimely, Michele's objections would fail under R.C. 3119.86(B) because court-ordered child support cannot continue beyond the child's nineteenth birthday, even if the child is enrolled full-time at an accredited high school.

6.

{¶ 13} The trial court adopted the magistrate's decision in a judgment journalized on March 29, 2019. Michele filed objections to the magistrate's decision on April 12, 2019. The trial court overruled the objections in a judgment journalized on June 14, 2019, in large part because no transcript from the magistrate's hearing was provided, therefore, the court was required to accept the magistrate's findings of fact. As to the magistrate's conclusions of law and his application of the facts to that law, the trial court agreed with the magistrate that Michele failed to challenge the administrative hearing decision in accordance with the procedures set forth in R.C. 3119.91 and 3119.92. Again, it adopted the magistrate's decision and deemed the August 9, 2018 hearing decision final.

{¶ 14} Michele appealed the June 14, 2019 judgment, on July 15, 2019; the appeal was docketed as Huron County case No. H-19-015.

{¶ 15} Despite having filed her appeal, on November 1, 2019, Michele filed a Civ.R. 60(B) motion for relief from judgment in the trial court. She stated that counsel was experiencing health problems and she was going through personal issues with her minor child, resulting in the failure to submit the required transcripts. We remanded the case to the trial court for a ruling on that motion.

{¶ 16} The magistrate issued a decision journalized on February 10, 2020, denying the Civ.R. 60(B) motion. Because Michele's attorney filed detailed objections and had not moved to withdraw from the case, and because parties generally arrange for the preparation of the transcripts at the time they file their objections, the magistrate was not

7.

persuaded that counsel's purported health problems played any role in the failure to submit the transcripts. And because counsel's neglect is imputed to his or her client, the magistrate found that Michele failed to establish grounds entitling her to relief from judgment.

{¶ 17} The trial court adopted the decision the same day, and we reinstated the appeal to our docket. On February 27, 2020, however, Michele filed objections in the trial court to the magistrate's decision. In a judgment journalized on March 6, 2020, the trial court concluded that it lacked jurisdiction to rule on the objections because the appeal was pending in this court. We again remanded the case to the trial court for a decision on Michele's objections to the magistrate's decision. In a judgment journalized on April 9, 2020, the trial court overruled the objections as untimely.

{¶ 18} On April 28, 2020, Michele filed a notice of appeal from the April 6, 2020 judgment. The appeal was docketed as Huron County case No. H-20-010.

{¶ 19} In Huron County case No. H-19-015, Michele assigns the following errors:

Assignment of Error Number One.. [sic]

THE TRIAL COURT ABUSED ITS DISCRETION AND THE DECISION WAS CONTRARY TO THE EVIDENCE PRESENTED WHEN IT FOUND THAT THE CHILD SUPPORT OBLIGATIONS MUST TERMINATE AT THE AGE OF NINETEEN EVEN THOUGH THE CHILD WAS ATTENDING AN ACCREDITING [sic] HIGH SCHOOL FULL TIME THE CONTRATUAL [sic] LANGUAGE IN THE

8.

DIVORCE DECREE SHOULD HAVE BEEN FOLLOWED, AS ALSO PROVIDED UNDER ORC 3119.86(C).

Assignment of Error Number Two

THE TRIAL COURT ABUSED ITS DISCRETION AND MADE A DECISION AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN GRANTING CREDIT TO APPELLEE/OBLIGOR FOR OVERPAID CHILD SUPPORT WHERE APPELLEE DID NOT CONTEST THE CHILD SUPPORT PAYMENTS FOR SEVERAL YEARS. THE FINDING OF OVERPAYMENTS SHOULD BE BARRED BY THE DEFENSES OF LACHES AND ESTOPPEL[.]

Assignment of Error Number Three

THE TRIAL COURT ACTED ARBITRARILY AND CONTRARY TO LAW WHEN IT CORRECTED NUNC PRO TUNC THE AMOUNT OF CHILD SUPPORT PAYMENT, WITHOUT ATTACHING THE TRANSCRIPT, THE NUN [sic] PRO TUNC WAS MORE IN THE NATURE OF SUBSTANCE THAN A 60(A), CLERICAL MISTAKE TO THE PREJUDICE OF APPELLANT[.]

Assignment of Error Number Four

THE TRIAL COURT ERRED IN THE CALCULATION OF THE AMOUNT OF OVERPAYMENT AND IN GRANTING JUDGMENT FOR THE SAME TO APPELLEE, STEPHEN T. BURSIEL WHEN IN

FACT, APPELLANT IS ENTITLED TO THE IMPOUNDMENT FUNDS

AND SUPPORT FOR THE TIME PERIOD JANUARY 2019 TO JUNE

2019[.]

{¶ 20} In Huron County case No. H-20-010, Michele assigns the following errors:

Assignment of Error Number One

THE TRIAL COURT ERRED, TO THE PREJUDICE OF

APPELLANTS, BY FAILING TO PREPARE AND FILE A

MAGSITRATE"S [sic] DECISION THAT COMPLIES WITH OGIO [sic]

CIVIL RULE 53[.]

Assignment of Error Number Two

IN THE ALTERNATIVE, THE TRIAL COURT COMMITTED

REVERSIBLE ERROR[.]

## II. Law and Analysis

### A. Case No. H-19-015

{¶ 21} In case No. H-19-015, Michele challenges the trial court's decision (1) terminating Stephen's child support obligation even though B.B. was still enrolled full-time in high school; (2) concluding that Stephen had overpaid on his child support obligation where Stephen did not challenge the amount of child support; (3) correcting the child support obligation in a nunc pro tunc entry when the error was one of substance and not a clerical mistake; and (4) granting judgment to Stephen for the overpayment of child support without verifying the calculation of the overpayment.

10.

{¶ 22} CSEA responds that Michele failed to object to the administrative termination hearing decision under R.C. 3119.91 and 3119.92. Instead, it claims, Michele filed a civil appeal with the trial court before the decision became final and appealable, then failed to file the transcripts necessary for the trial court to review the magistrate's decision. CSEA insists that the error in the child-support award was a clerical error that was properly corrected with a nunc pro tunc entry, and that the court did not err in adopting CSEA's support calculation given Michele's failure to object. And CSEA argues that even if Michele had properly objected to the decision, R.C. 3119.86(B) states that a child support order shall not remain in effect beyond the child's nineteenth birthday.

## 1. R.C. 3119.91 and 3119.92

{¶ 23} At the time this case was pending in the lower court, R.C. 3119.91 permitted Michele to object to CSEA's administrative decision "by filing a motion within thirty days after the issuance of the decision in one of the following courts requesting a determination as to whether the order should be terminated or whether any other appropriate determination regarding the order should be made":

> (A) With respect to a court child support order, in the court that issued the order or that otherwise has jurisdiction over the order;

> (B) With respect to an administrative child support order, the juvenile court or other court with jurisdiction under section 2101.022 or

11.

2301.03 of the Revised Code of the county in which the agency that issued the order is located.

R.C. 3119.91 and 3119.92 further provide that "if neither the obligor nor the obligee files the motion within the thirty-day period, the administrative hearing decision is final and will be filed with the court or in the administrative case file."

{¶ 24} Instead of filing a motion in the divorce case (case No. DR-2000-0491) within 30 days of the administrative decision, Michele filed a notice of appeal in a new civil case (case No. CVF-2018-0703). This was problematic for two reasons: (1) Michele's failure to file a motion within 30 days in the court with jurisdiction over the order (i.e., in the divorce case) rendered the decision final under R.C. 3119.91 and 3119.92; and (2) there was no final appealable order at the time she filed a notice of appeal in the new case because that case was filed within 30 days of the decision—and under R.C. 3119.91 and 3119.92, the administrative decision did not become final until 30 days after it was rendered. In other words, Michele failed to file a motion in the divorce case before the administrative termination decision became final, and she purported to appeal the decision in a new action before the decision became final and, therefore, appealable.

{¶ 25} Michele does not address her failure to utilize the procedure set forth under R.C. 3119.91 and 3119.92. And unfortunately, her failure to comply with those statutes resulted in the August 9, 2018 administrative termination hearing decision becoming final 30 days after it was decided. Because she did not file a timely motion challenging the

12.

administrative termination decision in the divorce action, we are unable to address the merits of her first, second, and fourth assignments of error. *See A.C. v. V.G.*, 8th Dist. Cuyahoga No. 96759, 2011-Ohio-6285, ¶ 15 (finding no error in trial court's refusal to hold hearing where objections were not filed within the thirty-day period to trigger the hearing requirement under R.C. 3119.92).

## 2. Nunc Pro Tunc

{¶ 26} As to Michele's third assignment of error, Civ.R. 60(A) permits a trial court, by motion or on its own initiative, to correct clerical mistakes in judgments and errors arising from oversight or omission. We have recognized that this mechanism may be used to correct errors in judgment entries so that the record "speaks the truth" and reflects what the court actually decided. *Bracken v. Bracken*, 6th Dist. Huron No. H-15-008, 2015-Ohio-5307, ¶ 11; *Drenning v. Blue Ribbon Homes*, 6th Dist. Fulton No. F-06-001, 2007-Ohio-1323, ¶ 93. "The issue of whether a trial court's nunc pro tunc judgment improperly modifies its previous judgment raises a question of law, which we review de novo." *Bracken* at ¶ 10, citing *Neel v. Neel,* 8th Dist. Cuyahoga No. 66441, 1994 WL 677434, *2 (Dec. 1, 1994).

{¶ 27} Here, the trial court's May 21, 2018 nunc pro tunc judgment merely corrects the judgment to reflect what happened at the December 5, 2000 hearing. At that hearing, the court ordered Stephen to pay "$338.98 *plus administrative fees*"—not "$338.98 *including poundage*." (Emphasis added.) The nunc pro tunc judgment was properly used to correct this discrepancy.

13.

**{¶ 28}** Accordingly, we find Michele's third assignment of error in case No. H-19-015 not well-taken.

## B. Case No. H-20-010

**{¶ 29}** In her appeal docketed as case No. H-20-010, Michele argues that the trial court erred in denying her Civ.R. 60(B) motion. She insists that her objections could not be deemed untimely because the magistrate's decision did not contain a notice informing the parties of the deadline for filing objections and the effect of failing to file objections. Alternatively, Michele argues that the trial court committed plain error when it failed to consider—for purposes of her Civ.R. 60(B) motion—that her attorney had suffered a sudden health emergency requiring emergency surgery for an aneurysm,[1] thereby excusing her failure to file transcripts.

### 1. Civ.R. 53 Notice

**{¶ 30}** Under Civ.R. 53(D)(3)(a)(iii), a magistrate's decision must be in writing, captioned as a magistrate's decision, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed. The decision must indicate "conspicuously" that "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion

---

[1] Michele's affidavit in support of her Civ.R. 60(B) motion states only that counsel was in ill health and that she was out of town to obtain treatment for a seriously ill minor child. No dates or other details are provided.

* * * unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b)." *Id.*

{¶ 31} Civ.R. 53(D)(3)(b)(i) requires that objections be in writing and filed within 14 days of the filing of the magistrate decision. The objections must be "supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available," and the transcript must be filed within 30 days after filing the objections unless the court grants an extension in writing. Civ.R. 53(D)(3)(b)(iii). A party may not assign as error on appeal the court's adoption of the magistrate's factual findings or legal conclusions—except for plain error—unless the party has filed objections to that finding or conclusion. Civ.R. 53(D)(3)(b)(iv).

{¶ 32} Here, Michele claims in her first assignment of error that the magistrate's decision did not include the required Civ.R. 53 notice. She maintains that because the decision does not contain the required notice, she was excused from filing objections within 14 days, thus the trial court erred in denying her objections as untimely. She argues that the remedy here is to remand the case to the trial court for consideration of her objections.

{¶ 33} While Michele correctly states that the magistrate's decision does not contain the required Civ.R. 53(D)(3)(a)(iii) notice, our review of the record reveals that the trial court judgment adopting the magistrate's decision (decided the same day and served together with the magistrate's decision) *does* contain the notice. Thus, the absence of the notice in the magistrate's decision is harmless because the trial court

judgment alerted Michele to the fact that objections were due within 14 days of the magistrate's decision.  *See, e.g., Watley v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 06AP-1128, 2007-Ohio-1841, ¶ 12 ("Because the trial court gave Watley adequate notice of the requirements in Civ.R. 53 in its judgment entry, he is not relieved from compliance therewith by now claiming that he did not receive the magistrate's decision.").  We, therefore, find Michele's first assignment of error not well-taken.

## 2.  Plain Error

{¶ 34} Under Civ.R. 53(D)(3)(b)(iv), "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."  In her second assignment of error, Michele argues that the failure to file the transcripts in support of her objections should have been deemed excusable neglect, and the trial court committed plain error in ruling otherwise.

{¶ 35} The Supreme Court of Ohio has instructed that when applying the doctrine of plain error in a civil case, "the doctrine is sharply limited to the *extremely rare* case involving *exceptional* circumstances where the error, left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself * * *.  The plain error doctrine should never be applied to reverse a civil judgment simply because a reviewing court disagrees with the result obtained in the trial court * * *."  *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122, 679 N.E.2d 1099 (1997).  (Emphasis sic.).

16.

{¶ 36} Under Civ.R. 60(B), a party may be relieved from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(5) any other reason justifying relief from the judgment.

{¶ 37} The Supreme Court of Ohio has held that to prevail on a motion for relief from judgment under Civ.R. 60(B), the moving party must demonstrate: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time." *GTE Automatic Electric, Inc. v. Arc Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. We review a trial court judgment denying a motion for relief from judgment under an abuse of discretion standard. *Kerger & Hartman, LLC v. Ajami*, 6th Dist. Lucas No. L-16-1135, 2017-Ohio-7352, ¶ 13. An abuse of discretion connotes that the trial court's attitude is

17.

unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 38} Michele relies on Civ.R. 60(B)(1) and argues that her attorney's failure to submit the required transcripts constituted excusable neglect. The Supreme Court of Ohio generally defines excusable neglect in the negative: "a defendant's inaction is not excusable neglect if it can be deemed a '"complete disregard for the judicial system."'" *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 153, 351 N.E.2d 113 (1976). Where a party is represented, the party bears a greater burden to show excusable neglect. *State ex rel. Jackson v. Ohio Adult Parole Auth.*, 140 Ohio St.3d 23, 2014-Ohio-2353, 14 N.E.3d 1003, ¶ 24. "[A]ttorney conduct falling 'substantially below what is reasonable under the circumstances' constitutes inexcusable neglect." *Hai v. Flower Hosp.*, 6th Dist. Lucas No. L-07-1423, 2008-Ohio-5295, ¶ 21, quoting *GTE* at 152. Thus, an attorney's conduct will be deemed inexcusable "if it can be labeled a complete disregard for the judicial system *or* if the conduct falls substantially below what was reasonable under the circumstances." *State ex rel. Jackson* at ¶ 25.

{¶ 39} In determining whether excusable neglect has occurred, the court must take into consideration the surrounding facts and circumstances. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988). "If the movant fails to apprise the court of those surrounding facts and circumstances and the court subsequently overrules the motion, that judgment cannot be characterized as an abuse of discretion." *Id.*

18.

{¶ 40} Here, even if we assume that an attorney's failure to submit the required transcripts may be excused because he or she was experiencing health problems, Michele's affidavit contains insufficient details to show that counsel's health was, in fact, the reason for his failure to submit those transcripts. She provided no dates and no description of the nature or length of counsel's illness. *See Terlau v. N & D Restaurants, Inc.*, 2d Dist. Montgomery No. 26791, 2016-Ohio-4725, ¶ 19 ("Based on the record before us, we cannot find that the trial court abused its discretion * * * in failing to conclude, when it ruled on the motion for relief from judgment based on the information before it, that counsel's unspecified 'health issue' constituted 'excusable neglect.'"). We, therefore, find no plain error in the trial court's decision to adopt the magistrate's decision, which rejected Michele's claim of excusable neglect.

{¶ 41} Accordingly, we find Michele's two assignments of error in case No. H-20-010 not well-taken.

### III. Conclusion

{¶ 42} As to Michele's first, second, and fourth assignments of error in case No. H-19-015, Michele failed to utilize the procedure for objecting to the administrative termination decision set forth under R.C. 3119.91 and 3119.92. Her failure to comply with those statutes resulted in the August 9, 2018 administrative termination hearing decision becoming final 30 days after it was decided, and renders us unable to address the merits of those assignments of error. As to her third assignment of error, the trial court's May 21, 2018 nunc pro tunc judgment merely corrects the judgment to accurately reflect

19.

what happened at the December 5, 2000 hearing. A nunc pro tunc judgment was the proper tool for making the correction. We find Michele's four assignments of error not well-taken and affirm the June 14, 2019 judgment of the Huron County Court of Common Pleas (case No. H-19-015).

{¶ 43} As to Michele's first assignment of error in case No. H-20-010, the magistrate's decision does not contain the required Civ.R. 53(D)(3)(a)(iii) notice, but the trial court's judgment (decided the same day and served together with the magistrate's decision) *does* contain the notice. Thus, the absence of the notice in the magistrate's decision was harmless. As to her second assignment of error, even assuming that an attorney's failure to submit required transcripts may be excused because he or she was experiencing health problems, Michele's affidavit provided no dates and no description of the nature or length of counsel's illness, and, therefore, contains insufficient details to show that counsel's health was, in fact, the reason for his failure to submit those transcripts. We find Michele's two assignments of error not well-taken and affirm the April 6, 2020 judgment of the Huron County Court of Common Pleas (case No. H-20-010).

{¶ 44} Michele is ordered to pay the costs of this appeal under App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.      _____
                                                    JUDGE

Gene A. Zmuda, P.J.

                                   _____
Myron C. Duhart, J.                              JUDGE
CONCUR.

                                   _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.